# Philip F. Davis, Appellant, v. E. M. Patterson, Treasurer, and James A. Gilmore, Clerk of Court of Quarter Sessions.

*Jurisdiction, equity—Mandamus—Public officers.*

The courts have no jurisdiction to compel by mandamus a public officer to do any act which the law does not impose upon that officer a duty to perform; or to discharge the function of his office in a manner not authorized by law; or to do anything which the law does not expressly or by implication require him as an officer to do. The court cannot impose duties upon public officers; the function of the writ of mandamus is to enforce duties imposed by law.

*County treasurers—Conditional receipt of money.*

A county treasurer cannot be compelled to receive money of which he is not made the official custodian, nor to hold money, which he does receive, subject to any condition not imposed upon that fund by statute.

*Pleading, equity—Bill, answer and replication.*

There are still some rules of pleadings which must be observed.

Where a case is heard upon petition, answer and demurrer, the petition is the foundation of the whole proceeding and must set forth the act or duty, the performance of which it seeks to compel; the ground on which

a peremptory mandamus is sought cannot be shifted in the demurrer to the answer to cover an entirely different purpose.

*Liquor law—Payment of excessive license fee not recoverable under mandamus proceedings.*

The payment of a license fee in excess of the amount alleged by the licensee to be due cannot be recovered under proceedings by way of alternative mandamus, even when the payment of the full amount of the fee was made under an order of the court, providing that the sum in dispute should be refunded if the case be disposed of in favor of the plaintiff. The court may not impose upon the county treasurer the duty of receiving and holding a disputed license fee pending litigation. The licensee had his remedy to proceed with his alternative mandamus or to secure the immediate issuance of his license by the payment of the entire amount of the demanded license fee.

The question whether the local license laws of 1871, applicable to Mercer county, is repealed by the act of 1887 and its supplements, not decided.

Argued May 9, 1899. Appeal, No. 225, April T., 1899, by plaintiff, from order of C. P. Mercer Co., April T., 1899, No. 45, dismissing petition for mandamus on county treasurer to refund moneys paid for license fee. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Petition for writ of alternative mandamus. Before MILLER, P. J.

It appears from the record that plaintiff presented a petition for an alternative mandamus to be issued to defendants commanding them to issue a liquor license granted by the court upon payment of $202.75 license fee, whereupon the court ordered and directed a writ of alternative mandamus to be issued as prayed for. The order also contained the following words:

"And it is further ordered that the petitioner shall pay in the full amount of the fees demanded by the said treasurer, in order to allow the issuance of the said license, pending a hearing and decision of this case, with the same force and effect, and in like manner as though the same had been paid into court, pending a decision of the case by the court; and if the case be finally decided by this court, or, in case of an appeal by the appellate court, in favor of the petitioner, then the said disputed sum of $200, mentioned in said petition, or such amount as said petitioner shall have paid in excess of the license fees required by law, shall be refunded to said petitioner, other-

wise the whole of the said sum shall be retained by the said
E. M. Patterson, treasurer, and applied by him as required by
law.

The answer of the defendants to the mandamus admitted that
a hotel license was granted through the court of quarter ses-
sions to the petitioner and that the said petitioner, or his attor-
ney, tendered as payment for the said license the sum of $202.75,
being $150 under the act of May 13, 1887; $50.00 under the
Act of July 30, 1897, P. L. 464, and $2.75 for the fees of the
said treasurer and clerk of courts; that the tender was refused
and respondents demanded $200 more than the amount so ten-
dered, being the amount required to be paid by the special act
for Mercer county approved May 24, 1871, P. L. 1108; that
after the refusal of the said tender plaintiff came to respondents
and voluntarily paid the additional $200, as well as the said
amount tendered, in all, $402.75, and thereupon respondents
issued a license to plaintiff in accordance with the order of the
quarter sessions court. This was all done on the same day that
the petition in this case was presented to the court. The an-
swer further averred that although the order of court granting
the alternative mandamus in this case, provides that plaintiff
should pay the said gross amount and receive his license, and
that the said $200 should thereafter be refunded to him, if the
court should decide in this proceeding that the said additional
$200 was not rightfully demanded, and the respondents now
aver that the said money was not received nor said license issued
in pursuance of said order of court. The respondents never
refused to issue the said license upon the payment of said $402.75,
but were always ready and willing so to do.

Respondents further averred that the said order of court, or
at least that part of it which provides that in certain contin-
gencies the said $200 should be refunded, was improvidently
made, and was altogether void for want of power or jurisdic-
tion in the court to make such order.

To this answer petitioner filed the following replication:

And now, March 14, 1899, comes the above named petitioner,
and for replication to the answer filed by the said respondents,
says, that while it is true that after the refusal of said re-
spondents to issue to the petitioner said license upon payment
of the said sum of $202.75, he, the said petitioner, paid to the

said E. M. Patterson the full sum of $402.75, demanded by him, and took out his license. Your petitioner denies that the payment of said sum of $402.75 was, in any sense, voluntary payment, but avers that all of said sum in excess of the sum of $202.75, was an involuntary payment, and was made under and in pursuance of the order of said court of common pleas, made on the 13th day of February, 1899, in this case, and with the understanding on the part of your petitioner that such an amount of said sum as was in excess of the fees required by law should be refunded to him upon the determination of that matter by the court.

Your petitioner further avers that the said E. M. Patterson accepted the said sum from your petitioner, well knowing that same was being paid under, and in pursuance of, said order, and not as a voluntary payment.

On March 29, 1899, the case came up to be heard on bill, answer and replication and the court refused a peremptory mandamus and also a motion on behalf of the plaintiff to refund to said P. F. Davis the sum of $200, which was paid by him in pursuance, as he claims, of the order of the court made on February 13, 1899. Plaintiff appealed.

*Errors assigned* were (1) in the opinion filed March 29, 1899, in holding that the court had refused a peremptory mandamus in this case and for the reasons therein stated. (2) In dismissing the plaintiff's petition. (3) In refusing to direct the defendants to refund to the plaintiff the amount paid by him in excess of the legal fees, to wit: the sum of $200. (4) In holding as a reason for the refusal of the mandamus prayed for that the plaintiff had paid the full amount of license fees demanded by the defendants, and he thereupon received his license and, consequently, there was nothing before the court to be passed upon; this in view of the fact that such payment and the issuing of the license granted were both peremptorily ordered by the court. (5) In entering the following order: "And now, March 29, 1899, the motion of the petitioner for an order on E. M. Patterson, treasurer, requiring him to refund to P. F. Davis the sum of $200, which was paid by him in pursuance (as he claims) of the order of court made March 13, 1899, is refused."

*W. H. Cochran*, with him *Chas. N. McClure* and *A. W. Williams*, for appellant.—The Act of May 24, 1871, P. L. 1108, applicable to Mercer county, was repealed by the Act of May 13, 1887, P. L. 108, and hence the license fee fixed by that act cannot be collected from persons licensed to sell liquor since the act of 1887.   This is clearly sustained by Com. v. McCandless, 21 W. N. C. 162, where it was held that the local Act of April 3, 1872, P. L. 804, was repealed by the act of May 13, 1887: Durr v. Com., 3 Pa. C. C. R. 525.

The case at bar is a proper one for the exercise of the power vested in the court, and the alternative writ was properly granted: Act of June 8, 1893, P. L. 345.

An examination of the petition presented in this case will show that it complies with all the requirements contained in the act of assembly, and presents the substance of a case for a mandamus, as an analysis of the admitted facts will show.

1. The plaintiff in the manner provided by law presented his petition to the court of quarter sessions asking that he be granted a hotel license.   2. The court, in the exercise of a sound judicial discretion, granted the license prayed for in the petition, which vested in the petitioner the undoubted right to have the license granted by the court issued to him by the clerk of courts, upon payment to the county treasurer of the legal fees required by law to be paid therefor.   The plaintiff tendered to the county treasurer the legal fees for such license, which were refused, and the plaintiff was thus deprived of his legal right to have a license issued to him.   3. The petitioner is "without other adequate and specific remedy at law."

In Prospect Brewing Co.'s Petition, 127 Pa. 523, a mandamus was granted to compel the granting of a wholesale liquor license, which had been refused by the lower court.

The right of the court to make such an order is provided for by the Act of Assembly of June 8, 1893, P. L. 345, sec. 2, which provides, "that if the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance and directed to issue forthwith."

There was no denial of the right of the plaintiff to have his license nor the power of the defendants to issue the same, but

the sole objection thereto was that defendants demanded $200 in excess of the legal fees, claiming a legal right to receive the same.

We therefore contend that the order made was a proper one, and that the contention yet remaining is as to the legal right on the part of the defendants to receive the $200 in dispute; it was properly left for subsequent determination, that it is simply an incident, a reason given by the defendants for refusing to obey the mandate of the court.

We contend, therefore, that the preliminary writ granted by the court, although called an "alternative mandamus," was in effect a peremptory writ; that in pursuance of the order made by the court in awarding said writ, the petitioner, in good faith, paid to the treasurer the said sum of $402.75, as directed thereby, or, in other words, he paid said sum "with the same force and effect and in like manner as though the same had been paid into court pending a decision of this case by the court," and with the full understanding that "if the case be finally decided by this court, or, in case of an appeal, by the appellate court, in favor of the petitioner, then the said disputed sum of $200 mentioned in said petition, or such an amount as the said petitioner shall have paid in excess of the license fees required by law shall be refunded to the said petitioner." Having so paid his money and to be now met with the contention that such payment was a voluntary one, and that no part of the sum paid can be recovered in this proceeding, certainly places the petitioner in an anomalous position. That the order of court was all sufficient to exact payment by the petitioner, but powerless to compel the return of such part of his money as has been wrongfully exacted, is surely a novel idea.

*James D. Emery* and *Q. A. Gordon*, with them *H. H. Zeigler*, for appellees.—In mandamus, the act whose performance is sought to be compelled, must be clearly and distinctly specified in the petition; "the alternative writ should in general follow the language of the petition, and it should command the respondent to do the thing or things prayed for, or show cause why he should not do so;" and the peremptory writ "should follow the language of the alternative writ," omitting, of course, the command to show cause: 1 Brewster's Practice, secs. 1823, 1830, 1851.

Mandamus, like replevin, ejectment, quo warranto and the other actions, has its proper place, and proceedings under it must conform to its rules of practice, and in this no special hardship follows.   The plaintiff, having made his tender, should have stood his ground, but, having chosen to recede, he merely pays the penalty common to all who make a tender and then abandon it and pay the full demand.   The delays caused by hearings in the lower court and in the appellate court are matters to be met and considered by all litigants alike, and a case of this kind possesses no merits superior to other kinds of litigation.

The order granting the alternative mandamus and providing for a return of a portion of the license fee was not a valid exercise of the power of the court, and consequently such orders did not bind the defendants.

It is submitted that section 19 of the act of 1887 expressly saves the act of 1871 from repeal.   Such was clearly the legislative intent in framing that section.

The fairness of the act, and the necessity for the double system of fees for Mercer county were questions upon which the legislature passed in 1871 ; during the last twenty-seven years, and until the year 1898, it was not questioned that both systems were still in force, and we contend that the relief which the plaintiff asks, must come, if at all, from the legislature, and not from the courts.

OPINION BY W. D. PORTER, J., February 16, 1900 :

The plaintiff presented to the court below his petition, setting forth, in substance, " that he had been duly granted a license to sell liquors at retail by the court of quarter sessions ; that the amount required to be paid for said license by the Act of May 13, 1887, P. L. 108, and the Act of July 30, 1897, P. L. 464, was $200, which amount together with the fees of $2.75, was all that he could lawfully be required to pay for the issuing of said license so granted to him ; that he had tendered to E. M. Patterson, treasurer of Mercer county, the sum of $202.75, and had demanded of said Patterson, county treasurer, and James A. Gilmore, clerk of said court of quarter sessions, the issuance of said license ; that the county treasurer had refused to accept the money so tendered for said license and the

defendants had refused to issue said license, except upon condition that the plaintiff first pay to the county treasurer an additional sum of $200, alleged to be legally required to be paid for the issuing of said license under the laws applicable to Mercer county. The prayer was for a writ of mandamus to the defendants, " Commanding them to issue to petitioner the said liquor license, so granted to him by the court, upon payment to them of said sum of $202.75 as aforesaid." There was presented to the court an order which in the hurry of business was, no doubt, inadvertently signed. This paper began with an order in proper form, reciting the petition and directing a writ of alternative mandamus to issue, " as therein prayed for," fixed the return day of the writ and the manner of service. Thus far the order was complete and lawful, but it had an unusual appendage, viz: " And it is further ordered that the petitioner shall pay in the full amount of the fees demanded by said treasurer, in order to allow the issuance of said license, pending the hearing and decision of this case, with the same force and effect and in like manner as though the same had been paid into court, pending a decision of this case by the court; and if the case be finally decided in favor of the petitioner, then the said disputed sum of $200, mentioned in said petition, or such amount as the said petitioner shall have paid in excess of the license fee required by law, shall be refunded to the said petitioner, otherwise the whole of said sum shall be retained by the said E. M. Patterson, treasurer, and applied by him as required by law." The defendant filed an answer admitting the grant of the license and their refusal to issue it upon payment by plaintiff of $202.75. They set up, in justification of their demand of $200 additional, the special legislation for Mercer county, Act of May 24, 1871, P. L. 1108. The answer further states that the defendants had always been willing to issue the license on payment of $402.75, and had so declared to the defendant; that, on the same day the plaintiff presented his petition for the writ, he came to the defendants and paid into the treasury of the county of Mercer the sum of $402.75, and thereupon the license was issued by defendants and received and accepted by plaintiff; that the said sum of $402.75 had theretofore uniformly been paid for hotel licenses in Mercer county ; and that said payment was made by this plaintiff, with

full knowledge on his part of the facts, and without any agreement whatever by the county treasurer, or any other person acting for said county, that said money or any part thereof should ever be returned to plaintiff, under the circumstances. The answer then proceeds to demur to that part of the order of court, above recited, which provided that in certain contingencies, $200 should be refunded to plaintiff. The ground upon which the demurrer is put is the want of power or jurisdiction in the court to make such order. The plaintiff filed a replication which does not traverse any of the allegations of fact above recited, and we must accept them as true. The replication does not conform with the requirements of the Act of June 8, 1893, sec. 15, P. L. 345, but it was considered by all the parties as a demurrer to the answer, and the proceeding was disposed of as if it were at issue. This case can be disposed of upon the petition, answer and demurrer, but there are still some rules of pleading to be observed in cases of this nature.

The court made a decree refusing to award a peremptory mandamus, whereupon the plaintiff moved for an order on the county treasurer, requiring him to refund to plaintiff the sum of $200, " which was paid by him in pursuance of the order of court," and the court refused to make this order. The plaintiff now assigns for error the declination of the court to award a peremptory mandamus and the refusal to make an order on the defendants to refund $200 of the money which he had paid for his license. It is not contended that the court ought to have awarded a peremptory mandamus, commanding the issuance of the license, but that this most drastic remedy ought to have been employed to enable plaintiff to get his money back. This proceeding started out with a petition for an alternative mandamus requiring the defendants to show cause why they should not upon payment of a certain sum issue a license to plaintiff; this was all that plaintiff prayed for and the petition did not present the substance for a case of mandamus in any other form. The petition is the foundation of the whole proceeding, under the Act of June 8, 1893, P. L. 345, and must set forth the act or duty, the performance of which it seeks to compel. Yet in this proceeding, which avowed that it was instituted for an entirely different purpose, we have it now argued that the appellant is entitled to a peremptory mandamus for the collection of money.

It is conceded that there is but one question raised by the various assignments of error. Is the plaintiff entitled, under the pleadings, to a peremptory mandamus commanding the defendant to take from the treasury of Mercer county the sum of $200 and pay it over to the plaintiff? The petition certainly does not afford a foundation for any such decree, but it is contended that, because the plaintiff paid the money into the county treasury after the court had made the order hereinbefore recited, the money is still subject to the control of the court. The county treasurer did not accept the money under any agreement that it should be held as a special deposit, or upon condition that it should under any circumstances be returned to plaintiff, or that it should remain subject to the order of court. The plaintiff must rely entirely upon the order to sustain his contention that the fund is still within the grasp of the court in this proceeding.

The remedy is undoubtedly by mandamus when the county treasurer and clerk of courts refuse to perform their official duties in and about the issuing of licenses. The court has the power to command such officers to perform their official duties. This jurisdiction is, however, limited by law, and is not to be indefinitely extended to promote the interest or convenience of private litigants. The courts have no jurisdiction to compel, by mandamus, a public officer to do any act which the law does not impose upon that officer a duty to perform, or to discharge the functions of his office in a manner not authorized by law; or to do anything which the law does not expressly or by necessary implication require him, as an officer, to do. The courts cannot impose duties upon public officers; the function of the writ of mandamus is to enforce duties imposed by law.

The primary writ in this case was alternative in every sense; it required the defendants to issue the license upon payment of a certain sum or show cause why they should not do so, but with this formally proper command went the order which has resulted in this secondary contention. That order gave the plaintiff an alternative; he might stand upon his petition and writ, await the decision thereon and, in case of a judgment in his favor, pay his money and take his license, or he might pay into the county treasury the amount demanded and take his license at once. The order really was a declaration, by the

court, that if the plaintiff waived, for the present, his contention, and, pending the hearing, paid into the county treasury the full amount demanded by the revenue officers, and thereupon received his license, the court would consider the money as having been paid into court, and upon final decision order it to be disposed of accordingly.    Soon as the plaintiff paid his money and took his license his right to a mandamus compelling the issuance of the license ceased, and the character of the alleged wrong sought to be redressed and the remedy for the injury had changed.    If the plaintiff had first paid his money and taken his license he could not have recovered an amount overpaid by a mandamus.

A county treasurer must receive and disburse the state, county and municipal funds in accordance with law.    He cannot be compelled to receive money of which he is not made the official custodian, nor to hold money, which he does receive, subject to any condition not imposed upon that fund by statute. He cannot be compelled to accept money and withhold it from the state, county or municipality until it is determined to whom the fund belongs.    He cannot be compelled, nor can he agree, to become in his official capacity the custodian of moneys paid into court.    He has no authority to make contracts binding the funds of the county.    He can no more be compelled to accept the funds of private individuals, as a general deposit or upon specific conditions, than to make of the vaults of the treasury a place of storage for their jewels.    The courts have no power to compel a county treasurer to become the stakeholder of a fund, the ultimate destination of which is dependent upon an action at law or any other event, however interesting; nor have they jurisdiction to decree that money paid into the county treasury shall, without the consent of the financial officers of the county, be treated as if it had been paid into court.

The court did not have jurisdiction to make the order upon which appellant relies, and the action of the court in subsequently refusing to enforce that order was free from error. All the assignments of error are dismissed.

Judgment affirmed and appeal dismissed at costs of appellant.