CASE 29—PROCEEDING FOR MANDAMUS BY J. C. W. BECKHAM AGAINST
ALLIE W. YOUNG AND OTHERS, TO COMPEL DEFENDANTS TO PLACE
THE NAME OF PLAINTIFF ON THE BALLOT AS A CANDIDATE FOR
GOVERNOR BEFORE THE DEMOCRATIC PRIMARY ELECTION; AND SEP-
ARATE ACTION BY CHARLES W. MEACHAM AGAINST YOUNG AND
OTHERS TO ENJOIN THE HOLDING OF A DEMOCRATIC PRIMARY
ELECTION.—MARCH 25.

# Young and Others v. Beckham.
# Meacham v. Young and Others.
## (The two cases heard together.)

THE FIRST CASE APPEALED FROM WOODFORD CIRCUIT COURT AND THE
SECOND CASE FROM FRANKLIN CIRCUIT COURT.

IN THE FIRST CASE DEFENDANTS APPEAL, AND IN THE SECOND PLAIN-
TIFF APPEALS.   BOTH CASES AFFIRMED.

PRIMARY ELECTIONS—NOMINATING CANDIDATES FOR STATE OFFICES—
GOVERNING COMMITTEE—POWERS—ELIGIBILITY OF CANDIDATES—
CANVASSING VOTES—ASCERTAINING RESULT—MANDAMUS—INJUNC-
TION.

Held: 1. Where the petition in mandamus to compel the governing committee of a political party to place plaintiff's name on the ballot before a primary election, alleges that the governing authority has called a primary election, and this is not denied by the answer, the court will proceed on the theory that the primary has been so called.

2. Kentucky Statutes, section 1550, in article 12, entitled "Primary Elections," declares that a primary election is an election within the State, county, city, etc., for the purpose of nominating candidates for office. Section 1565, in the same article, provides that the article shall apply to all primary elections held for "nominating candidates for State, county, district, or municipal offices." HELD to provide for a primary election for the nomination of candidates for State offices.

3. Kentucky Statutes, section 1553, in article 12, entitled "Primary Elections," provides that the governing committee of a political party may call a primary election on giving notice as therein prescribed. Section 1563, in the same article, empowers the governing committee of the party in the county or district in which a primary is held to count the votes. Section 1565, in the same article, provides that the article shall apply to all primary elections for nominating candidates for State, etc., offices. HELD, that the word "State" must be read into section 1563, so that the governing committee calling a primary for nominating State officers will be authorized to count the votes, and certify the names of the successful candidates to the secretary of State.

4. A political party resorting to a primary election for nominating candidates must conduct such election in accordance with Kentucky Statutes, art. 12, regulating primary elections.

5. The governing committee of a political party calling a primary for nominating candidates pursuant to Kentucky Statutes, art. 12, regulating primary elections, has no right to question the eligibility of any candidate before the primary, and for that reason refuse to place his name on the ballot.

6. Code Civ. Prac., section 477, declares that a writ of mandamus is an order of a court of competent jurisdiction commanding an "executive or ministerial officer" to perform an act, etc. Kentucky Statutes, section 1563, requires the governing committee of a political party, to be sworn before entering on the discharge of their duties as set forth in article 12, regulating primary elections, and prescribes a punishment for their failure to perform such duties. HELD, that the governing committee of a party are "officers" against whom a writ of mandamus may be issued, within Code Civ. Prac. section 477.

**248** KENTUCKY REPORTS. [Vol. 115

Young and Others v. Beckham. Meacham v. Young and Others.

7. The court will not enjoin the holding of a primary election for the nomination of candidates of a political party, called by the governing committee of the party pursuant to Kentucky Statutes, art. 12, c. 41, regulating primary elections.

As the question of eligibility was not passed on by the court of appeals, so much of the briefs as discussed that question will be omitted.                                                            REPORTER.

BRECKINRIDGE & SHELBY AND JOHN W. RAY, FOR APPELLANTS, HENDRICK AND BRECKINRIDGE.

### POINTS AND AUTHORITIES.

1. Courts do not sit to try moot cases . . . No matter how important the question in the abstract may be unless there is a real controversy arising upon actual facts, courts will not entertain it. Wilmington & W. R. R. Co. v. Board of Railroad Commissioners, 90 Fed., 36; Railway Co. v. Wellman, 143 U. S., 345; Johnson, Mayor v. Smith, 24 Ky. Law Rep., 883.

2. In this State under our code the writ of mandamus can not issue except against a public officer who is an executive or ministerial officer charged with the performance of some executive or ministerial duty, and has power to perform that duty. Therefore, before this writ can issue the court must decide that the defendants are public officers of the State of Kentucky charged with the performance of executive or ministerial duties, and with the power to perform such duties. Cook v. College of Physicians and Surgeons, 9 Bush, 543; Schmidt v. Abraham Lincoln Lodge, 84 Ky., 494.

3. Under the Carroll law there is no authority for holding a State primary. Kentucky Statutes, secs. 1550 and 1565, construed in harmony with section 1453, demonstrating that there is no provision for the holding of a State primary, no authority for the clerk to receive the certificate of nomination from the chairman of the State committee.

4. The party is a voluntary association, and all its officers and members are governed by the law enacted by the supreme authority. The supreme authority of the Democratic party in Kentucky is the State convention, and its State committees have no authority or power except as conferred upon or vested in them by the resolutions adopted by the State convention, and the courts will examine the party law and ascertain its meaning and enforce it. Garton, &c. v. Penick, 5 Bush, 110; Cain v. Page, 19 Ky. Law Rep., 977; Trimble v. Moody, 22 Ky. Law Rep., 692.

Under the party law the State executive committee has no power to call a primary, and its calling it is void.

5. If this committee has the power to call a primary it has no power to decide upon the qualifications of those who seek nomination. There is no such power granted to it, and it has no such power inherently. If the court decides that under the Carroll law a State primary can be held, and further decides that under the party law the State executive committee had the power to call the primary, then the committee has no power to pass upon the eligibility or qualifications of the appellee. Therefore, the question as to the eligibility of the appellee is not involved in this appeal. Carroll v. Carroll, Lessee, 16 Howard, 287.

LEWIS McQUOWN and W. S. PRYOR, for appellee.

POINTS AND AUTHORITIES.

1. Only property rights can move a court of equity to action. Clark v. Wallace, 20 Ky. Rep., 154.

2. Courts of equity have no jurisdiction of matters of a political nature. Kerr on Inj., sec. 1; *Ex parte* Sawyer, 124 U. S., 200.

3. Primary elections, under the statute, are placed upon the same footing as general elections, and the holding of such elections will not be enjoined by the chancellor. Jones v. Black, 48 Ala., 540; State v. Thorson, 33 L. R. A., 582; Fletcher v. Tuttle, 151 Ill., 41; Green v. Mills, 30 L. R. A., 90; Anderson v. Comrs., 5 L. R. A., 334.

4. The settlement of question relating to the powers of the committees is purely political, and should be determined by the party authority and not by the courts. Moody v. Trimble, 22 Ky. Rep., 692; *In re* Pollard, 55 N. Y., 155; *In re* Fairchild, 151 N. Y., 359; Kearns v. Hawley, 42 L. R. A., 235.

5. The party rules and section 1553, Kentucky Statutes, grant the executive committee all necessary power to call the primary. This is the governing power or committee named in the statute.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The purpose of this proceeding is to compel the Democratic committee to place the name of the appellee, J. C. W. Beckham, on the ballot as a candidate for the office of governor before the Democratic primary election called for May 9, 1903. The question of his eligibility has been

250        KENTUCKY REPORTS.        [Vol. 115

Young and Others v. Beckham.   Meacham v. Young and Others.

raised, and the committee refuses to place his name upon the ballot. The question to be determined from the pleading is whether the governing authority of the party has called a primary election, and, if so, (a) whether the statute authorizes the holding of primary elections to nominate candidates for State offices; (b) whether the committee can refuse to place his name upon the ballot because they think he is ineligible to re-election; (c) whether, by proceeding in mandamus, the committee may be compelled to place his name upon the ballot used at the primary as a candidate for governor.

The first question is easily disposed of. It is averred in the petition that the governing authority of the party has called a primary election, and it is not denied by the answer; therefore, the court must proceed upon the idea that the primary has been called by the governing authority of the party.

Sections 1550 and 1565, inclusive, of article 12, c. 41, Kentucky Statutes, embrace the law upon the subject of primary elections.

Section 1550 reads as follows: "A primary election, within the meaning of this article, and as used in this chapter, is an election held within the State, county, city, district, or subdivision thereof, as the case may be, by the members of any political party, or by the voters of some political faith, for the purpose of nominating candidates for office."

Section 1565 reads as follows: "The provisions of this article shall apply to all primary elections held for the purpose of nominating candidates for State, county, district or municipal offices hereafter held in the Commonwealth, except those held in the year one thousand eight hundred and ninety-two."

From these sections it is manifest that the Legislature

intended to provide for a primary election for the nomina-
tion of State officers. Section 1565 expressly provides that
the article shall apply to primary elections held for the
purpose of nominating candidates for State, county, dis-
trict or municipal offices.

A difficulty arises from the fact that the law is not defi-
nite and certain as to how the result of a primary election
shall be ascertained and certified to the Secretary of State
for the purpose of having the names of the successful can-
didates placed by him upon the official ballot for the regu-
lar election. When section 1565 says that the article shall
apply to all elections held for the purpose of nominating
candidates for State, county, district or municipal offices,
it must have meant that the committee or governing author-
ity of the party can ascertain and certify the result of the
primary held to nominate candidates for such offices to the
Secretary of State, because it is provided in section 1553
that the committee or governing authority of the party may
order a primary election. In addition to that, section 1563
provides that the committee or governing authority in the
county or district are empowered to count the votes. In
view of section 1565, making the article which includes
section 1563 applicable, we must read into that section the
word "State." If the committee or governing authority
can call and hold a primary election, the same authority can
certify to the Secretary of State the names of the parties
who are entitled to be placed upon the official ballot. This
power is necessarily implied.

Some of the rules prescribed for the conduct of the pri-
mary are in violation of the statute. The committee should
follow strictly the provisions of the statute regulating the
holding of the primary election. Unless this is done, the
risk is taken that they may not be able to have those who

are declared to be the nominees placed upon the ballot at the regular election. The court, in Brown v. Republican County Executive Committee, etc., 23 R., 2421; 68 S. W., 622, held that there can be no lawful primary unless it is held as prescribed by the statute. In this case we deem it unnecessary to point out wherein the rules of the primary differ from the provisions of the statutes, presuming that the committee will conform its action to its provision.

We are of the opinion that the committee had no right to raise the question of the appellee's eligibility to re-election to the office of governor. The governing authority of the party has no right to determine who is eligible under the laws of the land to hold offices. It can call primary elections and make proper rules for their government, but has no right to say who is eligible to be a candidate before the primary. The persons who are entitled to vote at the primary are the ones to determine who shall be selected as their candidates for a particular office. If the committee can say who is and who is not eligible to be nominated as party's candidate for office, they can, on the very last day before the ballots are printed, refuse to allow a person's name to go on the ballot upon the pretext that he is ineligible, and thus prevent his name from appearing upon the official ballot. They could thus destroy one's prospect to be nominated, for the rules of procedure in courts are necessarily such that no adequate relief could be afforded the party complaining, if at all, until after the primary election had been held. If the committee or governing authority has the authority to decide the question as to who is eligible to hold an office or be a candidate before a primary election, then they would have a discretion and judgment to exercise that could not be exercised by a mandamus.

The most that could be done by such a writ would be to compel them to act upon the question.

The next question is, is a writ of mandamus the proper remedy in a case like this? Section 477 of the Civil Code of Practice provides: "The writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or admission of which is enjoined by law; and is granted on a motion of the party aggrieved, or of the Commonwealth when the public interest is affected."

It is urged that the committee or governing authority of a party are not executive or ministerial officers; therefore the writ can not be issued against them. A primary election called by the committee or the governing authority of a party is to be conducted under the statute law of the State regulating such elections. The Legislature has seen proper, as it were, to take charge of them, and, to secure fairness in the conduct of same, has provided penalties for the violation of the law.

It is provided in section 1563, Kentucky Statutes, that "before entering upon the discharge of the duties set forth in this article, the committee or governing authority shall be sworn by some officer authorized by law to administer an oath to faithfully and honestly discharge the duties herein imposed; and the failure upon the part of any member of the committee or governing authority to discharge such duties faithfully and honestly shall be deemed a misdemeanor, and the person so offending shall upon indictment and conviction in the circuit court of the county or district, be fined not less than $100, nor more than $500, and be imprisoned in the county jail not less than sixty days and not more than one year."

A cursory reading of the section might make an impression upon the reader that this only required that the committee or governing authority should take this oath when organized to determine a contest, but a more careful reading of the section shows that it must be taken before entering upon the discharge of the duties set forth in this article. Many duties are required to be performed by the committee or governing authority of a party under the article. The article is composed of several sections in which these various duties are designated.

It must be understood that the only question decided is that the committee has no right to raise the question as to the eligibility of one who desires to become a candidate before the primary, and for that reason refuse to place his name upon the ballot.

The judgment is affirmed.

The opinion in the Meacham case was delivered by Judge Hobson.

The appellant, a member of the Democratic party and of the State executive committee of that party, seeks to enjoin the holding of a Democratic primary election alleged to be called for May 9, 1903. This court, in the case of Young v. Beckham (opinion delivered March 25, 1903), decided that the committee or governing authority of a political party in the State was authorized under article 12, c. 41, Kentucky Statutes, to hold a primary election to nominate candidates for State offices. If the committee or governing authority called the primary, then it would have to be held, under the statute, and the court has no jurisdiction to enjoin the holding of it. The court has no more right to enjoin the holding of a primary election, if called by the governing authorities of the party, than it would

have to enjoin a regular election. The calling of a primary is a party matter, to be determined by the party authorities, and the court has no power to interfere with their action. It is a matter to be settled by the party and by the authorities of the party, and, if complaint is made of the action of the party, it must be made to the proper party authorities.

Under the facts as shown, we are of opinion the primary was lawfully called.

Judgment affirmed, the whole court sitting.

Petition for rehearing by appellant in both cases overruled.