## Shisler *v.* Philadelphia, Appellant.

*Mandamus—Public officer—Official acts—Want of other remedy —Cloud on title.*

1. The writ of mandamus only issues where there is no other specific and legal remedy, or when it is expressly authorized to be issued by statute. It does not lie to compel a public officer to do any official act which the law does not impose upon him; or to discharge the duties of his office in a manner not authorized by law, or to do any official act which the law does not expressly or by implication require such officer to perform.

2. A writ of mandamus directing the director of public works and chief of the board of surveyors of a city of the first class to strike from the city plan certain described property of the plaintiff which had been plotted for a proposed public park without authority of law, is improperly issued where if the relator has suffered any injury by such plotting it is because a cloud has been cast upon his title.

3. Such plans alone, unaccompanied by an appropriation of the property, have no binding effect on any one, not even upon the city itself.

Argued Jan. 14, 1913.  Appeal, No. 336, Jan. T., 1912, by defendant, from decree of C. P. No. 2, Philadelphia County, March T., 1912, No. 4340, making absolute rule for peremptory mandamus in the case of George W. Shisler v. City of Philadelphia.  Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Petition for rule to show cause why writ of mandamus should not issue.

The opinion of the Supreme Court states the case.

*Error assigned* was in making absolute rule for peremptory mandamus.

*Edwin O. Lewis,* Assistant City Solicitor, with him *James Gay Gordon, Jr.,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*Charles H. Downing,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 3, 1913:

The mandamus issued in this case directed the director of the department of public works and the chief of the board of surveyors to strike from the city plan certain described property of the plaintiff which it was alleged had been plotted for a proposed public park without authority of law.  The first question for decision is whether mandamus is a proper remedy in such a case.  The writ of mandamus only issues where there is no other specific and legal remedy, or when it is expressly authorized to be issued by statute.  It does not lie to compel a public officer to do any official act which the law does not impose upon him; or to discharge the duties of his office in a manner not authorized by law, or to do any official act which the law does not expressly or by implication require such officer to perform:  Davis v. Patterson, 12 Pa. Superior Ct. 479.  In

Com. v. Fitler, 136 Pa. 129, this court, speaking through Mr. Justice PAXSON, said: "Such writ has never been held to be a proper remedy, except where there is a clear legal right in the relator, and a corresponding duty on the defendant, and the want of any other adequate, appropriate and specific remedy." If the relator has suffered any injury by the plotting of the properties in question on the city plan it is because a cloud has been cast upon his title, and we are not aware of any authority for holding mandamus to be a proper remedy for removing a cloud upon title to real estate.

We agree in part at least with the contention of counsel for appellee, that the city had no authority under the ordinance of 1907 to plot upon the city plan the properties in question so as to have any binding effect upon the owners thereof. Certainly no such authority is conferred by the Acts of May 13, 1857, P. L. 489, or June 24, 1891, P. L. 394. It may be that under the Act of February 2, 1854, P. L. 21, the board of surveyors under the general powers therein delegated, and especially that relating to the "planning of the city," may have the authority to prepare for the use and convenience of the city alone, general plans having in contemplation park and other public improvements. But such plans would have no binding effect on anyone, not even upon the city itself, which could change the plans at its pleasure before the necessary legal steps had been taken to appropriate and condemn the land for park purposes. Such proceedings are purely statutory and the city has no authority to appropriate or condemn lands unless authorized to do so by law. The Act of June 26, 1895, P. L. 349, confers upon cities of the Commonwealth the right "to purchase, acquire, enter upon, take, use and appropriate private property for the purpose of making, enlarging, extending and maintaining public parks within the corporate limits of such cities, whenever the councils shall, by ordinance or joint resolution, determine thereon." The Act of 1891 also empowers cities to pur-

chase, take and hold ground to use for the purpose of public parks. The method of procedure is set forth in the Act of 1895 and it must be followed. If the parties cannot agree as to the purchase price, there must be an appropriation of the land by ordinance, and the damages must be ascertained in the manner set forth in the act. These acts evidently contemplate an immediate appropriation of the lands desired for park purposes and the ascertainment of damages as of the date when so appropriated. The ordinance of 1907 did not appropriate the lands in question and nothing done under that ordinance in any way interfered with the right of the then owner, or any subsequent purchaser, to use or dispose of his property as he thought proper. The ordinance of June 13, 1912, set forth in the answer, was the first appropriation of the land for park purposes upon the part of the city within the meaning of the law. Under the facts averred in the answer this was a proper appropriation and the city is bound by it. It now remains for the interested parties to have the damages properly assessed as required by the act. It is true this ordinance was passed after the present proceeding was instituted, and if appellee had any clear legal right to be enforced by a writ of mandamus, it would be necessary to hold that the city acted too late to deprive the land owner of his remedy. But mandamus is not a proper remedy and therefore this proceeding cannot be sustained.

Decree reversed and petition dismissed at the cost of appellee.