## CLARK *v.* COLQUITT COUNTY DEMOCRATIC EXECUTIVE COMMITTEE *et al.*

1. In so far as §§ 127, 128, and 136 of the Political Code provide for declaring the result of primary elections, they refer to action by the "managers" holding the election, and do not purport to impose duties on the members of the executive committee of the political party holding the election.

2. There is no statute that declares that the executive committee of a political party holding a primary election shall declare who is the nominee at such election; and in the absence of such a statute, mandamus will not lie to require the executive committee to declare the result. Whether mandamus would lie if there were a statute imposing that duty upon the committee is not now for decision.

3. In view of the rulings announced in the preceding divisions it is unnecessary to rule upon the applicability to the case, the validity, or constitutionality of section 147 of the Code of School Laws (Georgia Laws, 1919, pp. 288-349), which declares, in substance, that persons residing in independent school districts which are not under supervision of the superintendent of schools shall not vote at elections for county school superintendent.

No. 4338.   JULY 30, 1924.

Petition for mandamus. Before Judge Thomas. Colquitt superior court. April 11, 1924.

*Humphreys & DeLoache,* for plaintiff.

*James L. Dowling* and *Hill & Gibson,* for defendants.

ATKINSON, J. Included among the several militia districts in Colquitt County are the Moultrie militia district and the Doerun militia district. The Moultrie district includes the city of Moultrie and other territory. The Doerun district includes the city of Doerun and other territory. Independent school systems are operated in each of the above-named cities. On January 3, 1924, the County Democratic Executive Committee called a party primary election to be held on February 27, 1924, for the county officers, including, among others, a county school superintendent to be voted for in the general election for county officers to be held in November, 1924. Rules and regulations for the holding of the election were duly provided, including a resolution providing that all voters of Colquitt County, including those in the cities of Moultrie and Doerun, should be permitted to vote in the primary election for all candidates for nomination as county school superintendent. After the adoption of the rules Frank Clark became a candidate for nomination as county school superintendent,

and solicited votes in the cities above mentioned and elsewhere in the county. He was opposed by L. O. Rogers, another candidate for the same nomination. The county registrars furnished the managers of election at the precincts in each of the above-mentioned militia districts with only one list of voters, and such lists failed to show which voters of the respective districts resided within the city limits and which resided without the city limits, and there was no law or rule of the political party by which the managers could officially determine which of the voters resided within and which resided without the limits of the respective cities. But nevertheless Clark requested one member of the executive committee from each of the districts to keep count of the votes cast in those districts in such manner as to separate the city vote from the vote of the districts at large. This was assented to unofficially by such members; and accordingly, at the request of such members, the election managers in each district undertook to comply with the request, acting upon their personal knowledge or inquiry as to the residence of voters. After the polls were closed the managers counted all the ballots cast in the districts, and separately counted the ballots of those persons who they had determined, in the manner above indicated, resided in the respective cities, and after such counts, certified them separately to the executive committee for consolidation and declaration of the result. The returns showed a majority in the county for Clark, if the ballots of persons declared to be residents of the cities were excluded, but a majority for Rogers if they were included in the count. At the consolidation of the returns by the executive committee on the day following the election the executive committee refused, upon demand of Clark, to accept the returns that excluded the city votes, but did accept the returns which showed the total vote of the Moultrie and Doerun districts including the city votes. Upon acceptance of such returns Rogers was formally declared by the executive committee the nominee of the party. On March 8, following the declaration of the result as above indicated, Clark instituted mandamus proceedings against the members of the democratic executive committee to compel them to declare him "to be the nominee" of the party, "by virtue of the result of said primary election." An allegation in the petition that the executive committee was "charged with the duty of declaring the nominees for said

offices in accordance with the result of said election" was admitted in the answer. The case was submitted to the judge upon an agreed statement of facts as indicated above, and a mandamus absolute was refused. The plaintiff excepted.

The questions raised by the record are dealt with in the headnotes, without need of further elaboration.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., specially concurring. There can be no question as to the correctness of the several rulings announced in the foregoing decision under the present state of the law. I feel moved, however, to call the attention of the legislative department to the fact that, while in this State nominations of a certain party are equivalent to an election, the omission to which attention has been called in the opinion renders it perfectly possible for the choice of the people to be defeated without any remedy. As early as 1883 and at several subsequent legislatures enactments have been passed by which frauds and illegal voting in primary elections have been penalized, just as they would be in the regular election; and yet, by reason of the omission to provide that the executive committee be *required* to declare the result (while it is well known that they always do this), one who is declared to be defeated in the primary is remediless. The primary election should either be as fully protected by law, both civil as well as criminal, as are the general elections, or the law should not interfere at all in the holding of such elections, or take cognizance of them.