From George Ross Eshleman, Lancaster, Pa.

## Tobin v. Blythe Township School Directors.

R. A. *Freiler*, for relator; C. E. *Bergen*, for respondents.

HICKS, J., July 23, 1928.—John Tobin, a taxpayer and a school director (whose term of office began on the first Monday of December, 1927) of the Township of Blythe, Schuylkill County, Pennsylvania, presented his petition for a writ of alternative mandamus, directed to Patrick Doyne, Secretary of the Board of School Directors of Blythe Township, praying for a writ of alternative mandamus, directed to the said Patrick Doyne, to show cause why he should not permit the said John Tobin, or any other citizen and taxpayer, to inspect and examine the records, papers, etc., of the said school district, and also the minutes of the board of school directors for meetings

held during the years 1924, 1925, 1926 and 1927. In the said petition it is averred, by reason of the duties imposed upon the petitioner by the School Code of May 18, 1911, P. L. 309, and its amendments, as a school director, it is necessary for him to have access to the records and papers of the school district and the minutes of former meetings of said board of school directors in order that he can properly perform his duties, and that the records, papers and minutes are in the possession of the defendant as secretary, in pursuance of sections 314 and 318 of the School Code, Act of May 18, 1911, P. L. 309, and its amendments, and all of them being public records, any citizen and taxpayer has a right to inspect them. A writ of alternative mandamus issued, commanding the defendant, Secretary of the Blythe Township Board of School Directors, to appear and show cause why he should not permit John Tobin, or any other citizen and taxpayer, to inspect and examine the records, papers, etc., also the minutes of the board of school directors of meetings held during the years 1924, 1925, 1926 and 1927.

A motion to quash was made by the defendant for the following reasons, to wit: (1) The petition does not aver that the relator has any specific and independent legal right or interest in himself, different from that of the public at large; (2) the relator does not allege a want of other adequate or specific remedy at law; (3) there is no allegation of fact in the petition showing that there is a duty resting on the secretary of the school board to permit John Tobin, or any one else, to examine the minutes of the board of school directors or any other papers or records in his custody for the years 1924, 1925, 1926 and 1927; (4) the petition does not allege that since the first Monday of December, 1927, the relator was denied access to the minutes of the board of school directors or any other papers or records showing the proceedings of the board since he has held the office of school director; (5) the relator complains in a dual capacity *(a)* as a school director and *(b)* as a citizen and taxpayer and on different grounds in each capacity; (6) the petition does not show that the relator has made any effort in the exercise or discharge of his official duty to secure access to the minutes, books, papers or records of the school district; (7) the petition shows on its face that the relator, as a citizen and taxpayer, has no right of access to the minutes, records and other papers of the school district for the years 1924, 1925, 1926 and 1927; (8) the alternative writ of mandamus as allowed is not supported by the averments of the petition.

At the time of the argument, by the agreement of counsel for both sides to this controversy, the petition for alternative mandamus was amended by adding, "That he is without adequate and specific remedy at law." This disposed of the second reason for the motion to quash, which reason is overruled.

The first and seventh reasons for quashing the writ are as follows: (1) The petition does not aver that the relator has any specific and independent legal right or interest in himself, different from that of the public at large; (7) the petition shows on its face that the relator, as a citizen and taxpayer, has no right of access to the minutes, records and other papers of the school district for the years 1924, 1925, 1926 and 1927. These reasons will be discussed together. It is at once apparent from the petition that the only records specifically mentioned and described, to which access and inspection of is desired, are the minutes of the school board of 1924, 1925, 1926 and 1927, and the remainder of the prayer is for an inspection and examination of the papers, records, etc., of the school district, without individuating them, and we are unable to determine just what particular papers or records are desired other

than the minutes for the specific years. The secretary of the board of school directors, in the light of the duties which he is statutorily required to perform, is a public officer: Howell *v.* Keeler, 5 D. & C. 90. At common law, the right to inspect public documents or to make copies, abstracts or memoranda therefrom, is limited to those persons who have an interest therein, such as would enable them to maintain or defend an action for which the documents or records sought can furnish evidence or necessary information. The right of the public generally to inspect public records, if it exists, must be based upon some statutory authority: 23 Ruling Case Law, 160; 34 Ency. of Law and Procedure, 592; Owens *v.* Woolridge, 22 Pa. C. C. Reps. 237; Com. ex rel. Milliken *v.* Board of Revision of Taxes, 23 Dist. R. 424. See opinion, Attorney-General, Examination of Public Records, 6 D. & C. 383.

In order to obtain a writ of mandamus, the applicant must have a right to enforce which is specific, complete and legal, and for which there is no other specific legal remedy, and the right or privilege claimed must be independent of that which he holds in common with the public at large: Heffner et al. *v.* Com. ex rel. Kline, 28 Pa. 108; Com. ex rel. *v.* Mitchell, 82 Pa. 343; Stegmaier *v.* Jones, 203 Pa. 47. At common law, every person is entitled to the inspection by himself, or his agent, of public records, provided he has an interest therein (20 Am. & Eng. Ency. of Law, 521), and it is not necessary that a cause be pending: 20 Am. & Eng. Ency. of Law, 521, and note 1 on page 523. It is not essential that the interest be private, capable of sustaining a suit or defense on his own personal behalf, but it will be sufficient that he act in such suit as the representative of the common or public right: 20 Am. & Eng. Ency. of Law, 523, and note 2; Com. *v.* Weaver, 14 Dist. R. 302, 306.

The petition fails to show the specific interest which the plaintiff has, either individually or as an agent, in any particular minute of the proceedings of the board of directors or anything in its records. If it did, and it appeared that his interest required an inspection and a copy of the same, we would have no hesitation in granting the writ. If a person seeks inspection of public records, he must have [such] an interest in a specific controversy as will enable him to maintain and defend an action for which the document or record sought can furnish evidence or necessary information: 20 Am. & Eng. Ency. of Law, 522. In this case, he claims in a dual capacity, first, as a taxpayer, and, secondly, as a school director who holds office since the first Monday in December, 1927. No interest whatever in the minutes for the several years and in the records and papers of the school district is shown in him as a taxpayer. No reason is given why he, as a taxpayer, desires to have inspection of the minutes, records and papers, and, in this connection, it is well to remember that the alternative mandamus, as issued, asks for the inspection for not only him as a taxpayer, but any other citizen and taxpayer in the township as well. A taxpayer, as such, without showing any reason for, or special interest in, the records and papers of any municipal body, cannot come into court and, upon the bare request as a taxpayer, gain access to the records and papers of such municipal body, for to issue a mandamus in such a case would operate to the detriment rather than to the benefit of the general public and cause great disorder and confusion in the fiscal affairs and duties of the officers. Curiosity or suspicion is not the basis upon which to urge the issuance of a mandamus. As a school director since the first Monday in December, 1927, he claims the right to inspect the minutes of previous years, as well as the records and papers, in order, as he alleges, that he may properly perform his duties

according to law. The fiscal affairs of the school district have been audited year after year, which audits, in pursuance of statutory requirement, have been published. He does not claim that he has not had access to the minutes since the time that he has become a school director, and does not allege that the board, of which he is a member, refused to direct the secretary to permit him to have inspection. The petition does not show wherein his interest as a school director in the minutes previous to his induction into office, as well as the records and papers of the school district, is any different than that of any other taxpayer in the entire township, and certainly, upon the showing in the petition, his interest as a school director rises no higher than that of any other taxpayer. The petition is devoid of any reason why any taxpayer should see the particular records in question, and certainly the reason as given by him for access and inspection, so that he can perform his duties as a school director, is not easy of understanding, because his reference is indefinite as to the records and papers, and the minutes which he desires are for a period of four years prior to his assumption of the duties of his office. It may be that he has a reason for his desire to see these minutes, but certainly his reason cannot be in order that he might the better fulfill the duties of his office.

There is another angle to this proposition and that is, that if the duty sought to be enforced by a mandamus is a public duty, then the writ must be applied for by a public officer; but if a private individual makes himself the relator, he must show some particular right or privilege independent of that which he holds with the public at large. Therefore, if this writ could be maintained for any purpose, there being no averment of any particular right or special interest in the plaintiff himself, the proceedings should have been instituted in the name of the Commonwealth: Com. ex rel. v. Woodward, 84 Pa. Superior Ct. 124, 129. The first and seventh reasons to quash the writ are sustained.

The third reason to quash is: (3) There is no allegation of fact in the petition showing that there is a duty resting on the secretary of the school board to permit John Tobin or any one else to examine the minutes of the board of school directors or any other papers or records in his custody for the years 1924, 1925, 1926 and 1927.

Under the School Code, Act of May 18, 1911, P. L. 309, and its supplements, the secretary is directed to keep a correct and proper record of all the proceedings of the board (section 314), to keep the accounts (section 320), to act as the custodian of the records of the school district (section 319), to make reports concerning the school affairs to specially designated authorities (section 317), and, inter alia, to perform such other duties as the board of school directors may direct (section 322). There is no doubt that the secretary is a public officer and that many papers and records in his possession are public records. "A public record is a memorandum made by a public officer authorized to perform that function, or a writing filed in a public office intended to serve as evidence of something written, said or done:" 20 Am. & Eng. Ency. of Law, 505. · But every paper deposited in a public office does not thereby become a public record, even though necessarily so deposited. It must be of a public nature or recorded under statutory provisions: Ibid, 506.

To enforce the performance of a duty by a public officer, that duty must clearly appear: Dougherty v. Black, 262 Pa. 230. Mandamus does not lie to compel a public officer to do any official act which the law does not impose upon him, or to discharge the duties of his office in a manner not authorized by law; or to do any official act which the law does not expressly or by

implication require such officer to perform: Shisler *v.* Philadelphia, 239 Pa. 468; Davis *v.* Patterson et al., 12 Pa. Superior Ct. 479; Com. ex rel. *v.* Fitler, 136 Pa. 129. To warrant the issue of mandamus against an officer to compel him to act, a duty to do so must be imposed upon him by law; the entire scope of the writ in this respect is to compel the officer to perform his duty and it cannot be invoked to enlarge or confer a power upon him to act: 18 Ruling Case Law, § 31, page 117.

The petition for the writ in this case alleges that it is the duty of the secretary defendant, under the School Code, to keep a correct and proper record of all the proceedings of the board, prepare such reports and keep such accounts as are required by the provisions of the act, and he shall be the custodian of all the records, papers, etc. From the petition, however, we cannot determine whether or not the papers and records, inspection of which is desired on behalf of all the taxpayers of the township and the petitioner as school director, are public records, and, therefore, cannot determine whether it is the implied duty of the secretary, although it is not the statutory duty, to submit them to the inspection of a party who has a special or peculiar interest therein, even though we might conclude that the minutes of the proceedings of the school board are a public record. For we recognize that there are official acts which public officers are required to perform by implication of law as well as by express direction. The courts have no jurisdiction to compel by mandamus a public officer to do any act which the law does not impose upon that officer a duty to perform, or to discharge the function of his office in a manner not authorized by law, or to do anything which the law does not expressly or by implication require him as an officer to do. The court cannot impose duties upon public officers; the function of the writ of mandamus is to enforce duties imposed by law: Davis *v.* Patterson, *supra.* The petition, therefore, does not only fail to show any special or peculiar interest in the records and papers desired on the part of the plaintiff as taxpayer and school director, as well as all other taxpayers of the township included within the alternative mandamus, but there is not the barest averment in the petition showing any duty resting upon the defendant to do the acts prayed for. If the petition fails to show any duty resting on the defendant, the mandamus will be refused: Smith *v.* Com. ex rel. Dillon, 41 Pa. 335. There being no legal right on the part of the plaintiff, or corresponding duty on the defendant, exhibited in the petition, the third reason to quash the writ must be sustained.

The fifth and eighth reasons for the quashing of the writ are as follows: (5) The relator complains in a dual capacity *(a)* as a school director and *(b)* as a citizen and taxpayer and on different grounds in each capacity; (8) the alternative writ of mandamus as allowed is not supported by the averments of the petition.

This is based upon the averments in the petition that the writ is requested on behalf of the plaintiff as a school director, in order that he might be able to perform his official duties, and, secondly, as a citizen and taxpayer, because the records and papers, as well as the minutes, are the property of the entire school district, and, therefore, every citizen and taxpayer has a right to inspect them. And in his prayer he prays for the direction to the secretary to permit not only the plaintiff, but any other citizen and taxpayer of the township to examine and inspect the papers, records, etc., and minutes of the said school district. It having heretofore been concluded in this opinion that the plaintiff, not only as a taxpayer but also as a school director, did not exhibit in his petition a special and peculiar interest in "records, papers, .

etc., and the minutes of 1924, 1925, 1926 and 1927," or any legal right in the premises, it is not necessary to discuss these reasons.

And now, July 23, 1928, for the reasons herein stated, the writ of alternative mandamus heretofore granted in this case is hereby quashed.

And now, July 23, 1928, upon motion of counsel for the plaintiff, an exception is allowed and bill sealed.     From M. M. Burke, Shenandoah, Pa.