SIBLEY *v.* PARK, Judge. SIBLEY *v.* CAMP, *et al.*

Nos. 9224, 9292.   OCTOBER 15, 1932.

*Miles W. Lewis* and *Spalding, MacDougald & Sibley,* for plaintiff.

*Lawrence S. Camp* and *James C. Davis,* for defendant. *Noel P. Park,* for person at interest, not party.

BELL, J.   (After stating the foregoing facts.)

We will first consider the case in which it was sought to require the judge of the superior court to hear the election contest. We refer, of course, to the person or individual who held the office of judge, and not to that officer in his judicial capacity. *Carter* v. *Janes,* 96 *Ga.* 280 (23 S. E. 201) ; *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624) ; *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103). The case turns upon the question of official duty. *Morgan* v. *Wason,* 162 *Ga.* 360 (4) (133 S. E. 921). If the respondent as a contest officer was not required by law to hear a contest of this class, the writ was properly denied. The provisions of the Civil Code as contained in sections 121 to 123 are applicable only where an election to an office "requiring commission from the Governor" is contested. From a careful reading of these sections it is manifest that they do not apply to primary elections. Nor do the provisions of section 137 confer any authority upon the judge of the superior court to hear a contest arising out of a primary election. That section is as follows:   "When a contest is filed on the ground of illegal votes, any of which it is claimed on affidavit can probably be proven by resort to the ballots, specifying what ballots, it is the

duty of the clerk of the superior court to deliver the same, together with all papers connected with said primary election, to the person or persons who preside at the taking of the testimony in such contested election, upon demand, who shall examine said suspected ballots and none other." This language is a codification of section 2 of the act approved December 18, 1900. Ga. L. 1900, p. 40. Section 137 should be read in connection with section 133, which provides for the destruction of the papers connected with a primary election held by any political party, "if no action is taken thereon by the grand jury and no contest has been filed within the time prescribed by the authorities of said party." The quoted provision was taken from section 5 of the act of 1908. Ga. L. 1908, p. 55.

These statutes do not by express language place any duty upon the judge of the superior court in regard to primary elections; and in our opinion they can not reasonably be interpreted as imposing such a duty by implication. They make no reference to the provisions contained in sections 121-123, and do not purport to re-enact those provisions as a part of the law applicable to primary elections. In section 121 it is provided that testimony shall be taken before "any judicial officer of the county," otherwise referred to as the "presiding officer," or the "officer before whom testimony is taken." The plural is not used. On the other hand, in section 137 the reference is to "person or persons who preside at the taking of the testimony." Again, the notices to the Governor as required by section 121 would be wholly out of place in a contest relating to a primary election. The necessary conclusion is that the legislature merely contemplated some possible contest under the rules of the political party in control of the primary, notwithstanding the inappropriate expression as to taking testimony. The fact that the word "testimony" was used is the only circumstance in favor of the construction contended for by the plaintiff; whereas there are weighter considerations in support of the other view. There is no other statute having reference to the matter. We conclude that there was no duty upon Judge Park to hear this contest, and it follows that in his case the writ of mandamus was properly denied.

■ Referring to the same statutes, we can not discern that any duty is imposed upon the party organization or its officers to provide for or to hear and determine any contest in a primary elec-

tion. The legislature evidently supposed that the political parties might provide for such contests, and made provision for protecting the ballots to abide such contingency, but no machinery was set up for the hearing of such contests; nor was it declared that any party organization must do so. The writ of mandamus will issue only to enforce a duty which is *imposed by law.* The duty must arise out of the law, and not in virtue of some party rule or regulation. Schwartzkopf *v.* Brainerd, 121 Minn. 182 (141 N. W. 97, 46 L. R. A. (N. S.) 9) ; Shisler *v.* Philadelphia, 239 Pa. 468 (86 Atl. 1019, 46 L. R. A. (N. S.) 725) ; United States ex rel. Int. Co. *v.* Lamont, 155 U. S. 303, 308 (15 Sup. Ct. 97, 39 L. ed. 160). The law must not only authorize the act to be done, but must require its performance. U. S. ex rel. McLennan *v.* Wilbur, 283 U. S. 414, 420 (51 Sup. Ct. 502). The law provides that every political primary election shall be presided over and conducted in the manner and form prescribed by the rules of the political party holding such primary, and that the party authorities shall formulate rules and regulations "for holding said primary election, and for making returns thereof to the proper party authorities." Civil Code (1910), §§ 127, 135. The statute thus refers to rules and regulations for *holding* the election and for *making returns thereof.* The language is not sufficiently broad to include rule 8 of the State committee having reference to the matter of contests, and therefore the rule can not be treated as a statute to be enforced by the writ of mandamus. *Woodard* v. *State,* 103 *Ga.* 496 (30 S. E. 522) ; *Skrine* v. *Jackson,* 73 *Ga.* 377; 20 C. J. 119, 210, 222. In those cases in which the writ of mandamus has been directed to the officers of a political organization, the duties sought to be enforced were prescribed by statute. Cf. D'Alemberte *v.* State ex rel. Mays, 56 Fla. 162 (47 So. 489) ; Beckham *v.* Young, 115 Ky. 246 (72 S. W. 1092) ; Stephenson *v.* Board of Com., 118 Mich. 396 (76 N. W. 914, 42 L. R. A. 214, 74 Am. St. R. 402) ; Marcum *v.* Ballot Commissioners, 42 W. Va. 263 (26 S. E. 281, 36 L. R. A. 296). In *Clark* v. *Colquitt County Executive Committee,* 158 *Ga.* 642 (2) (124 S. E. 40), this court held : "There is no statute that declares that the executive committee of a political party holding a primary election shall declare who is the nominee at such election; and in the absence of such a statute, mandamus will not lie to require the executive committee to declare the result." An examination of the prayers of the first count in

the petition against the party officers and committeemen will show that none of them seek the enforcement of a duty imposed by statute; and for this reason, regardless of others, the plaintiff was not entitled to the writ of mandamus.

In regard to the second count of the petition against Camp and others, we can not sustain the proposition that injunction should be issued to preserve the plaintiff's right as against the breach of a contract. He is seeking to enforce his alleged right to the nomination, and this is purely a political right. "Elections belong to the political branch of the government, and courts of equity will not interfere to protect a *purely* political right." *Printup* v. *Adkins*, 150 *Ga.* 347 (103 S. E. 843); *Avery* v. *Hale*, 167 *Ga.* 252 (145 S. E. 76). "Elections belong to the political branch of the government and are beyond the control of judicial power. It was not designed, when the fundamental law of the State was formed, that either department of government should interfere with the control of the other; and it is for the political power of the State, within the limits of the constitution, to provide the manner in which elections shall be held. And until the courts are empowered to act, by the constitution or legislative enactment, they must refrain from interference. Dickey *v.* Reed, 78 Ill. 271. Where the power to decide a contest is lodged with a judicial officer, it has been held that the function is political, and not judicial, and that no writ of error will lie from his decision." *Harris* v. *Sheffield*, 128 *Ga.* 299, 303 (57 S. E. 305).

Having decided what we consider to be the controlling questions, we will omit discussion upon any other points which have been argued in the briefs. Every argument advanced has been thoroughly considered, and all authorities cited have been carefully examined. In our opinion the petition in each case fails to show any ground upon which the courts would be authorized to take action in the plaintiff's favor.

*Judgments affirmed.. All the Justices concur, except Atkinson, J., absent.*