## Commonwealth, ex rel., Appellant, v. Middleton.

*Constitutional law—Uniformity—Local and special laws—Statutes—School laws—Act of May 23, 1874, sec. 41, P. L. 230.*

There is no constitutional requirement of uniformity in legislation as to matters included in section 7 of article III of the constitution. That section prohibits local and special laws upon certain enumerated subjects and thereby requires that the legislation upon such subjects shall be general. Uniformity of provision or of result, is not therefore in itself a requirement, but merely one of the tests judicially applied to determine the local, special or general character of the statute challenged.

A law may by classification or otherwise produce some diversity of result and yet be general, for where the classification is based on genuine distinctions, its expediency is for legislative determination.

The fourth proviso of section 41 of the act of May 23, 1874, is not in conflict with section 7, article III of the constitution, but is a valid enactment.

Section 42 of the act of May 23, 1874, accepted by the school district of the city of Harrisburg by authority of the proviso is the law of that district.

The city treasurer of the city of Harrisburg, is ex officio, school treasurer of the school district of the city.

Argued Jan. 12, 1905. Appeal, No. 1, May T., 1905, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1904, No. 79, on demurrer for defendant in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. William H. Middleton. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Demurrer to answer in quo warranto.

KUNKEL, J., filed the following opinion :

On April 19, 1904, the attorney general filed his suggestion in this court for a writ of quo warranto, alleging that the defendant is exercising the office of school treasurer of the common school district of the city of Harrisburg without authority of law.

Pursuant to this suggestion the writ was issued, and on the same day the defendant made answer thereto, denying that he was exercising the office of school treasurer without any warrant of law, and averring on the contrary that he was elected to the office of city treasurer of the city of Harrisburg by the councils thereof on January 6, 1904, and subsequently, on February 16, 1904, was duly elected to that office by the electors of the city of Harrisburg, and by virtue of such election entered upon the discharge of his duties as city treasurer. He also averred that on May 27, 1884, the school district of the city of Harrisburg, as authorized by the fourth proviso of section 41 of the Act of Assembly of May 23, 1874, P. L. 230, in the manner prescribed by the act, duly accepted sections 42 and 43 of that act, wherein it is provided, among other things, that the city treasurer shall, ex officio, be school treasurer, and that by virtue of his election to the office of city treasurer and the assumption of the duties of that office, he has become school treasurer of the common school district of the city of Harrisburg, and has been legally acting, ex officio, as school treasurer and claims the right to continue so to act. He further averred that the common school district of the city of Harrisburg was created by the general school law of the commonwealth, and the Act of Assembly of April 22, 1868, P. L. 1136, and that since the first Monday of June, 1869, it has existed and has been organized under these laws, except in so far as they have been modified by the acceptance of sections 42 and 43 of the act of May 23, 1874.

To this answer the commonwealth has demurred, claiming that the fourth proviso of section 41 of the act of May 23, 1874, is unconstitutional and void, being in violation of section 7 of article III of the constitution of the commonwealth, and that it conferred no authority upon the board of school directors of the district to accept or adopt sections 42 and 43 of the act of assembly, and claiming also that the act itself, so far as it re-

lates to affairs of school districts, is unconstitutional and void in that the act contains more than one subject and its title contains no reference to any legislation in the body of the act relative to the affairs of school districts.

There are thus raised two questions, the constitutionality of the act of May 23, 1874, and the constitutionality of the fourth proviso to section 41 of the act.

The first question was not seriously pressed upon the argument of the case, nor do we well see how it could be in view of the cases of Commonwealth v. Gilligan, 195 Pa. 504, and of Commonwealth v. Howell, 195 Pa. 519, in which the constitutionality of the act was directly affirmed.

The second question was elaborately argued, and it was urged with great earnestness that the fourth proviso of section 41 was violative of section 7 of article III of the constitution. Section 41 declares that cities of the third class shall constitute one school district and after providing for the election of school controllers and the organization of the school board follows with the proviso : " Provided further, That none of the provisions of this act shall be applicable to the election of directors or controllers of the public schools, to the organization of school board, to the election of school treasurer, or of any other officer of said board, to the receiving and collection of school taxes in any city of the third class constituting one school district; but the said district shall be governed by laws heretofore enacted applicable to the same, if the acceptance of this act required by section 57 hereof shall be accompanied by a certificate of the school district signed by the proper officers thereof expressing its desire to retain the laws governing it independent of this statute, otherwise this act shall govern the same." Then follows the fourth proviso, which is here assailed, " And provided further, That it shall be lawful for such board in its discretion by a vote of its members as aforesaid from time to time to accept any of the provisions of this act regulating school matters and after such acceptance, duly recorded on the minutes of said board, said provisions so accepted shall be the law of such district."

Section 7 of article III of the constitution provides " the general assembly shall not pass any local or special law . . . . regulating the affairs of counties, cities, townships, wards,

boroughs or school districts." The city of Harrisburg is a city of the third class, having accepted the proviso of the act of assembly of May 23, 1874, relating to the classification and government of cities. The common school district of Harrisburg at the time the city accepted this act filed its certificate expressing its desire to retain the law governing it independent of this statute, as provided by the proviso just quoted. The district was governed by the general school law of 1854, and by the act of assembly of April 22, 1868, prior to May 27, 1884, when by a resolution of the school board duly passed by virtue of the authority contained in the fourth proviso of section 41 of the act of May 23, 1874, sections 42 and 43 of that act were accepted. Section 42 provides that "the city treasurer shall ex officio be school treasurer and before entering upon the duties of his office shall give bond to the school directors conditioned for the faithful performance of his duties in such amount as the board shall direct and with such sureties as shall by them be approved, and shall also before he enters upon his office take and subscribe an oath or affirmation of like nature as is hereinbefore prescribed for the city treasurer." So that at the present time the school district of the city of Harrisburg is governed by the general school law of 1854, the act of April 22, 1868, and by sections 42 and 43 of the act of May 23, 1874, and it is by virtue of section 42 that the defendant claims to exercise the office of school treasurer.

The contention of the commonwealth is that the defendant is not by reason of his being city treasurer ex officio school treasurer because the fourth proviso of section 41 of the act of May 23, 1874, is void, being in conflict with section 7, article III of the constitution, and it therefore conferred no authority upon the school board to accept section 42 of that act, and that section 42 is not the law applicable to the school district of the city of Harrisburg.

It will be seen that the fourth proviso of section 41 permits the school boards of school districts coterminous with cities of the third class to accept from time to time any of the provisions of the act regulating school matters.

This option, it is urged, tends to produce local and special results, and is therefore violative of the constitution. There is no doubt if this be so the proviso must fall. When the leg-

islation is such as to make diversity possible, it is in conflict with section 7 of article III of the constitution and void: Commonwealth v. Reynolds, 137 Pa. 389. If, on the other hand, its tendency is to uniformity, it is constitutional: Reading v. Savage, 124 Pa. 328. It is urged that under this proviso one school district in this class may accept one of the provisions of the act and another a different provision; and thus diversity is produced among school districts of the same class.

But we are not clear that this result follows in the sense in which the rule is laid down and intended to be understood by the courts. The act of 1874 provides a uniform and general system for the government of school districts of the third class, and it may well be said that when a school district exercises the option to accept one or more of its provisions and thus substitutes for its special or local features a provision of the general system, it to that extent conforms to the general system, and the legislation which authorizes the option thus tends to uniformity.

As related to one another, the school districts which accept different provisions of the act may in respect to the provisions accepted differ, and that, too, more than they did before their acceptance, but as related to the system established by the act for their government and regulation such districts by their acceptance are each more nearly assimilated to the uniform system provided by the act.

In Commonwealth v. Reynolds, 137 Pa. 389, which is relied upon as supporting the view urged upon us by the commonwealth, the situation was quite different from the situation here. That case involved the validity of the act of May 23, 1889, relating to school districts in cities of the third class, and the act was declared to be void because it authorized existing cities of that class incorporated by special laws to accept its provisions without at the same time accepting those of the act of May 23, 1874, authorizing the classification. The act of 1889 created a system independent and complete in itself for the government of school districts of the class already fully provided for by the act of May 23, 1874. As was said by CLARK, J., in that case, " it (the act of 1889) contains provisions wholly different from those of the act of 1874; it not

only changes the provisions in the general act, but adds other and entirely new provisions relating to the affairs of the schools of the school districts."

Thus, if the act of 1889 had been held to be valid, there would have been two general systems for the government of school districts of the same class, the one system differing from the other in many essential particulars, under either of which systems school districts of the same class were allowed to elect to come. This necessarily tended to diversity. The diversity was occasioned by the act of 1889, providing another and additional system of government for school districts of the class already provided for by the act of 1874. In the Scranton School District's Appeal, 113 Pa. 176, the act of 1875, which was under consideration there, was a supplement of the act of 1874, and it provided a system for the assessment and collection of taxes, the classification of real estate, for the meeting of councils, for representation in councils and the qualification of councilmen, and other matters relating to municipal affairs. Most all these matters were provided for in the act of 1874. The fifth section of the act of 1875 declared that no city of the third class should become subject to the act unless accepted by it. This option, if the act had been valid, would have produced the result of cities of the same class operating under totally different systems respecting their municipal affairs. Such diversity was held to be fatal to the validity of the act. The diversity in these cases was due to the existence of two general independent systems of government for school districts of the same class in the one case and for cities of the same class in the other.

But in the present case we have one general system provided by the act of 1874 for the government and regulation of school districts of the third class, and we are not prepared to say that the privilege given to school districts of this class gradually instead of at once to change their old local and special systems for the new is a breach of the rule respecting possible diversity.

The third proviso of section 41 permits the school district to decline to come under the system provided for the government of school districts of this class, and this proviso was declared, in Commonwealth v. Guthrie, 203 Pa. 209, to be valid. It is

difficult to see why a proviso that permits the rejection of all the legislation of the act by school districts of this class, thus leaving them to be governed by laws independent of this statute, is valid, while a proviso that permits them to accept part of the legislation in substitution of part of the special legislation under which they formerly acted should be held to be void; as was said in Reading v. Savage, 124 Pa. 328, and repeated in Commonwealth v. Guthrie, 203 Pa. 209, those that do not embrace the opportunity to become subject to the provisions of the act simply remain as they were before, so it may be said in the present case, those that do not accept all the provisions of the act of 1874, but some only, as to those not accepted remain as they were before.

The evident purpose of this proviso was to permit school districts of this class to come under the general system thus provided step by step as might suit their needs.  There is nothing in the act to indicate any attempt on the part of the legislature to infringe upon the constitution or evade its provisions.  As was said by MITCHELL, J., in Commonwealth v. Gilligan, 195 Pa. 504, "undoubtedly many acts have been passed whose framers intended to evade the constitutional prohibition.  These the courts have unhesitatingly struck down, and may safely be relied on to continue to do so.  But when the legislative intent is not to evade the restrictions, the courts are not required to be astute in extending them over cases not really within the evil prohibited, though the form may have the appearance of coming within the literal words of the constitution."

Nor is the special or local result which is here suggested as following from the option given in the proviso the evil which section 7, article III, was designed to correct.  "The evil at which the prohibitions of article III were directed was the interference of the legislature with local affairs without consulting the localities and the granting of special privileges or exemptions to individuals or favored localities.

"It was said by Justice STERRETT in Ayars's Appeal, 122 Pa. 266, that during the session of the legislature immediately preceding the adoption of the present constitution nearly 150 local or special laws were enacted for the city of Philadelphia, more than one third that number for the city of Pittsburg,

and for other municipal divisions of the state about the same proportions. This was by no means exceptional. A cursory examination of the pamphlet laws of 1873 shows that no less than thirty-one of these local laws relating to Philadelphia were acts over the heads of councils and the courts directing the opening, paving or vacating particular streets by name. This is a fair specimen of the kind of local and special legislation that was the real evil to be corrected:" Commonwealth v. Gilligan, 195 Pa. 504.

This proviso has stood upon the statute books unchallenged for thirty years. It has been the law of the school district of the city of Harrisburg for twenty years. The section of which it is a part with its other proviso has been sustained by the court of last resort: Commonwealth v. Gilligan, 195 Pa. 504; Commonwealth v. Guthrie, 203 Pa. 209. The act itself has withstood assault on constitutional grounds: Commonwealth v. Gilligan, 195 Pa. 504. In the language of MITCHELL, J., in Commonwealth v. Gilligan, " while these are not reasons for refusing to declare it void if in contravention of the constitution, yet they are strongly persuasive that the (proviso) is not so clearly unconstitutional as it should be shown to be to make it our duty to set it aside." We are not satisfied that the contention of the commonwealth is maintainable. To doubt is to be resolved in favor of the constitutionality of the proviso: Commonwealth v. Butler, 99 Pa. 535.

In view of the foregoing considerations we conclude:

1. That the fourth proviso of section 41 of the act of May 23, 1874, is not in conflict with section 7, article III, of the constitution, but is a valid enactment.

2. That section 42 of the act of May 23, 1874, accepted by the school district of the city of Harrisburg by authority of said proviso is the law of that district.

3. That the defendant, being city treasurer of the city of Harrisburg, is ex officio school treasurer of the school district of said city, and is exercising such office by authority of law.

Judgment is, therefore, directed to be entered on the demurrer in favor of the defendant.

*Error assigned* was the judgment of the court.

*M. W. Jacobs,* with him *Hampton L. Carson,* attorney general, for appellant.

*W. M. Hargest,* of *Hargest & Hargest,* and *C. H. Bergner,* for appellee.

PER CURIAM, February 6, 1905:

In Stegmaier v. Jones, 203 Pa. 47, and again in Com. ex rel. Miller v. Brown, 210 Pa. 29, attention was called to the fact that there is no constitutional requirement of uniformity in legislation as to matters included in section 7 of article III, of the constitution. That section prohibits local and special laws upon certain enumerated subjects and thereby requires that the legislation upon such subjects shall be general. Uniformity of provision or of result is not therefore in itself a requirement, but merely one of the tests judicially applied to determine the local, special or general character of the statute challenged. As said in Stegmaier v. Jones, supra, "a law may by classification or otherwise produce some diversity of result and yet be general, for where the classification is based on genuine distinctions, its expediency is for legislative determination." And in the present case it is well pointed out by the learned judge below that while the acceptance of different portions of the act of 1874 by different districts may introduce greater divergencies between such districts than existed before, yet the general effect is to assimilate each to the standard of the act.

The persistent course of argument in cases of this class seems to require a reiteration of the true standard of constitutionality as being generality as opposed to localism or specialism, and of the rule that uniformity is not a constitutional requirement but merely one of the tests of generality.

Upon the constitutional question in the present case the judgment is affirmed on the opinion of the learned judge below.