## Commonwealth ex rel., Appellant, *v.* Heller.

*Municipalities—Cities of the third class—Water commissioners— Statutes—Repeal of statutes—Constitutional law—Local and special legislation—Acts of March 21, 1865, P. L. 455 and May 23, 1889, P. L. 277.*

Section 2 of article XII of the Act of May 23, 1889, P. L. 277, entitled "An Act providing for the incorporation and government of cities of the third class," is not unconstitutional as special or local legislation, because the city of Erie, which owned an existing waterworks, was excluded by the terms of the section.

There is no constitutional requirement of uniformity in legislation. Uniformity is only a test of generality in the cases where local or special laws are prohibited.

While a classification which permanently excludes even one member of the class from its future operation is unconstitutional, the fact that existing exceptions are not immediately abolished does not destroy the constitutionality of the act. The unconstitutionality consists not in the continuance of an existing exception, but in the creation of new ones.

Section 2 of article XII of the Act of May 23, 1889, P. L. 277, providing for the establishment of a water department in cities of the third class, is not mandatory in character, and does not repeal the local Act of March 21, 1865, P. L. 455, creating a water department for the city of Reading.

Argued May 23, 1906. Reargued June 3, 1907. Appeal, No. 7, May T., 1906, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1904, No. 373, for defendants in quo warranto in suit of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. Frederic P. Heller et al., Board of Water Commissioners of the City of Reading. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEW-ART, JJ. Affirmed.

Quo warranto to determine title to office. Before KUN-KEL, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment in favor of the defendants.

*Walter S. Young,* with him *Hampton L. Carson,* attorney general, for appellant.—The plain intention of the legislature, as expressed in article XII of the act of May 23, 1889, is this : Any city of the third class, subject to the provisions of the act, and owning its waterworks, shall organize a department in accordance with the provisions of the act.  Any city of the third class, subject to the provisions of the act, may bring itself within the provisions of article XII by acquiring title to waterworks.

The provisions of this act and the local act of 1865 are clearly inconsistent, and the legislative intent in enacting the municipal classification acts being to establish a uniform and mandatory system of government for cities of a given class, the presumption must be that the local acts are intended to be repealed. In support of this proposition we cite the following cases : Com. ex rel. v. Macferron, 152 Pa. 244 ; Quinn v. Cumberland County, 162 Pa. 55 ; Com. ex rel. v. Weir, 165 Pa. 284 ; Commonwealth v. Brown, 210 Pa. 29.

In a statute the word " may " means " must " or " shall,"

in cases where the public interests and rights are concerned, and when the public or third persons have a claim, de jure, that the power should be exercised : Com. v. Councils of Pittsburg, 34 Pa. 496 ; Com. v. Gable, 7 S. & R. 423 ; Mason v. Fearson, 50 U. S. 248 ; Com. ex rel. v. Marshall et al., 3 W. N. C. 182.

*William J. Rourke,* city solicitor, and *Cyrus G. Derr,* for appellees.—The provision of section 2, article XII, of the Act relating to cities of the third class, approved May 23, 1889, P. L. 277, which allows any city then having title to any water, gas or electric light works by conveyance to the same in its corporate name, and any city which should thereafter erect or purchase such works, to create a department of water and lighting offends against the constitutional provision forbidding local legislation, in that it excludes cities having at the passage of the act title to any such works by the exercise of the power of eminent domain, or by a title conveyed, not to the municipality itself, but to a department thereof, or to some other trustee for the municipality : Saltsman v. Olds, 215 Pa. 336 ; Scranton School District's App., 113 Pa. 176 ; Davis v. Clark, 15 W. N. C. 209 ; Lloyd v. Smith, 176 Pa. 213.

The provision of the Act of May 23, 1889, P. L. 277, empowering any city of the third class then owning by title conveyed to it in its corporate name or thereafter acquiring waterworks to create a water department is, if constitutional, permissive only.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 25, 1907 :

It will conduce to the readier understanding of this case to state just how it comes before the court and the questions it raises.

The defendants are the water commissioners of the city of Reading, elected and holding office under a local Act of March 21, 1865, P. L. 455, a supplement to the city charter of April 26, 1864, P. L. 583. Their title to office is challenged by quo warranto at the relation of the attorney general.

In 1874 the city of Reading by ordinance duly accepted the Act of May 23, 1874, P. L. 230, and became a city of the third class. It is now, therefore, governed by the Act of May 23,

1889, P. L. 277, relating to cities of the third class. Article XII, sec. 2, of that act provides for the establishment of a water department in such cities, and the claim of the commonwealth is that thereby the act of 1865 was repealed and the defendants have no office left.

Defendants by answer to the information set up their title under the act of 1865, and the commonwealth in reply averred the repeal of the act of 1865 by the act of 1889. To this replication the defendants demurred on two grounds, first, that the act of 1889 does not repeal the act of 1865, and secondly, that sec. 2 of the latter act by its language excluding one of the cities of the third class, namely, the city of Erie, is a local act and unconstitutional.

The learned judge passing on the first question pro forma only, held that the act of 1889 was mandatory and repealed the act of 1865, but gave judgment in favor of the defendants on the second ground, holding sect. 2 of article XII unconstitutional.

A further question was raised with reference to the Act of June 4, 1901, P. L. 364, relating to liens for taxes and municipal improvements, but so manifestly irrelevant that it need not be further noticed.

We have therefore three questions presented, in the order of their significance in the case, first: Is section 2, article XII of the act of 1889 constitutional; second, if so, is it mandatory; third, does it repeal the act of 1865?

The language of section 2, article XII, of the act of 1889 is: " Any city which now has the title to any water, gas or electric light works by a conveyance to the same in its corporate name, or which may hereafter erect or purchase water, gas, or electric light works under the provisions of this act are (is) hereby empowered to create a department to be called the Water and Lighting Department," etc. This act is " An act providing for the incorporation and government of cities of the third class," and at the time of its passage the city of Erie, a city of the third class, by virtue of its previous acceptance of the provisions of the act of 1874, had waterworks the title to which by conveyance was in the name of its commissioners of waterworks under the provisions of the special Act of April 4, 1867, P. L. 768. The act of 1889, therefore, did not seem to

cover the case of the city of Erie, and as legislation for a class that permanently excludes any one of the class from its operation has been held to be special, the learned court below held this section of the act of 1889 to be in conflict with article III, section 7 of the constitution.

But this principle must not be applied arbitrarily without due reference to the facts of the particular case. While a classification which permanently excludes even one member of the class from its future operation is unconstitutional the fact that existing exceptions are not immediately abolished does not destroy the constitutionality of the act. It must not be forgotten that there is no constitutional requirement of uniformity (except in regard to taxation upon the same class of subjects). The constitution requires only that legislation on certain subjects shall not be local or special, and uniformity is not in itself a substantial requirement, but one of the judicial tests of generality as opposed to localism or specialism : Com. ex rel. v. Middleton, 210 Pa. 582. The unconstitutionality consists not in the continuance of an existing exception, but in the creation of new ones. This was thoroughly reasoned out and after some uncertainty of views, not unnatural in the consideration of so radical a change in legislative powers, finally settled in Evans v. Phillipi, 117 Pa. 226, and City of Reading v. Savage, 124 Pa. 328. In the last case it was said, " There is no possibility of any exercise of the powers or privileges conferred by the section which can work affirmatively a local or special result. Whatever is done by virtue of the section simply converts that which was or might be local or special, into that which is general." That expresses accurately the situation here. Both Erie and Reading were cities of the third class under the act of 1874, but each of them had a special water system under a local act, and even if section 2 of article XII of the act of 1889 left such systems intact it was not for that reason unconstitutional, for a repeal of the local acts would at any time bring them into full conformity with the general system. The objection to section 2 of article XII of the act of 1889 cannot be sustained.

The other two questions are practically but one, for if the act of 1889 is mandatory to create a water department under section 2 of article XII then the local act of 1865 is neces-

sarily repealed, as the two systems cannot consistently operate together. The question of repeal is one of legislative intent. In this case the presumptions on the subject are divided. The most general presumption is that a local or special act is not repealed by a general one on the same subject, unless there is a very clear intention that it should be. On the other hand, such intention is held to be clear when the later act is to establish a uniform and mandatory system on the same subject, and this presumption has been held to apply to the acts classifying cities: Com. ex rel. v. Brown, 210 Pa. 29. An examination of the details of the enactment leads to a conclusion that the balance inclines to the general rule against the repeal.

The language of section 2 is altogether permissive. It is " any city," which primarily refers to cities individually. It may include all, but does not necessarily do so. Then the city is " empowered " which is a grant of authority rather than a command to exercise it. Then the councils are " authorized and empowered " to divide the city into three districts, which "shall " be numbered, etc., and no member of councils "shall " be eligible as a member of the district boards, an accurate change from permissive to imperative language at the point where certain things are intended to be made mandatory. Language permissive in form may of course be mandatory in intent and effect; but is not usually presumed to be so. The learned judge below gave much weight to the language of section 12 of the same article that the " city councils shall pass such ordinances, rules and regulations as may be necessary for carrying into effect the provisions of this article. " But this does not seem to mean more than that when a city has exercised its authority by establishing a water department, it shall provide by ordinances, rules and regulations for its proper organization and government.

But the most significant indication of the legislative intent, and one that is controlling, is that section 2 itself shows that it is not intended to apply to all cities of the third class. The language is " any city which now has the title to any water, gas or electric light works by conveyance to the same in its corporate name," thus clearly showing that there are, or may be, cities of the class, which will not come under this section,

although they have water or gas works.    In the mandatory uniform features of the city government no room is left for doubt, " the legislative power of every city of the third class shall be vested in the councils, which shall consist of two branches," art. IV ; " the powers granted shall be exercised by the mayor and councils in the manner herein provided for," art. V, etc.    But in regard to a water or light department the language is carefully framed so as not peremptorily to include all.    The basis of the argument as to constitutionality was that at least one city of the class, Erie, has waterworks so held as to exclude it from the operation of the act, and there may be others in respect of gas and light as well as waterworks.    It seems to be clear that the legislature recognized these facts and intentionally framed this section so as not to require a mandatory uniformity.

The authority of the councils is ample at any time to establish a water department under section 2, and when they do the water commissioners under the act of 1865, will be superseded and functus officio, but until that is done the act of 1865 is left in operation and the commissioners under it retain their authority.

Though as will be perceived, for entirely different reasons we think the result reached by the learned court below was right.

Judgment affirmed.