The judgment is affirmed, and it is directed that the record be remitted to the court of oyer and terminer of Philadelphia for the purpose of carrying the sentence into execution.

---

## School District, Appellant, v. Montgomery.

*Constitutional law—Special legislation—School districts—Townships —Public health—Police power—Board of health—Act of April 11, 1899, P. L. 38—Constitution, Art. III, sec. 7.*

The Act of April 11, 1899, P. L. 38, empowering the school directors of townships to exercise the powers of a board of health, and "to make rules and regulations to prevent the spread of contagious or infectious diseases," etc., is not special legislation within the prohibition of Art. III, sec. 7, of the Constitution, and under this act the school directors of a township have authority to furnish supplies to quarantined persons, to disinfect private residences, and to contract for support, maintenance and treatment of persons afflicted with smallpox, and payments made therefor do not constitute an unwarranted diversion of school funds.

Argued Feb. 7, 1910.   Appeal, No. 114, Jan. T., 1909, by plaintiff, from judgment of Superior Court, Oct. T., 1908, No. 46, affirming judgment of C. P. Delaware Co., June T., 1905, No. 107, on verdict for defendant in case of the School District of the Township of Nether Providence v. Kingsley Montgomery.   Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Appeal from settlement of the accounts of the defendant as treasurer of the school district of Nether Providence.

Issue to determine liability of the defendant for certain expenditures during an epidemic of smallpox.   Before JOHNSON, P. J.

For the report of the case in the Superior Court, see 38 Pa. Superior Ct. 483.

The question at issue was the right of the board of school directors under the Act of April 11, 1899, P. L. 38, to fur-

nish supplies to quarantined persons, to disinfect private residences, and to contract for support, maintenance and treatment of persons afflicted with smallpox and the legality of payments made by the treasurer therefor.

The court gave binding instructions for the defendant.

The judgment of the trial court was affirmed by the Superior Court, HEAD, J., delivering the following opinion:

The appellant asks us to declare unconstitutional the Act of April 11, 1899, P. L. 38, on the grounds (a) that it is special legislation regulating the affairs of school districts; (b) that it undertakes to divert the school funds to other purposes than the support of the public schools.

The correct standpoint from which a court should approach the consideration of questions of this kind, has been repeatedly described in many authoritative utterances; fully and forcibly in the recent case, In re Likens, not yet reported. The pith and marrow of them all may be found in these few words quoted from the opinion of the present eminent chief justice in Sugar Notch Borough, 192 Pa. 349: "It must not be lost sight of that the attitude of courts is not one of hostility to acts whose constitutionality is attacked. On the contrary, all the presumptions are in their favor, and courts are not to be astute in finding or sustaining objections." It is also to be observed that the act mentioned belongs to the class of remedial legislation to which the courts have ever accorded a broad and liberal interpretation.

In disposing of the questions before us, clearness of view will not be promoted by an attempt to analyze and harmonize the multitude of cases wherein the same provisions of the constitution have been considered, but under conditions that vary widely from those now confronting us.

But, if starting with the two cardinal principles referred to, we follow the light shed by one or two recent decisions, in cases closely resembling the one at bar, the way to a correct solution of our problem will not be difficult to find.

Turning then to the act we observe that, in form at least, it manifests the intention of the legislature to enact a general,

not a special law. Looking to its main purpose and object, as distinguished from the incidents that are involved in these, we discover that it does not deal with "school districts" at all. That expression cannot be found either in the title to or body of the act. The territory within which the act is to be operative is state wide, the townships, all of the townships of the commonwealth. Not one is necessarily excluded. The object directly sought to be accomplished throughout that territory is, not the regulation of school affairs, but the preservation of the public health when menaced by sudden assault from pestilence. True, the persons authorized to exercise the powers conferred by the act are those who are the school directors; but if they had been the road supervisors instead, would the act, for that reason, have been fairly classified as road legislation? True also, the act contemplates and authorizes some expenditure of the school funds. In these two incidental respects only can it be said to affect school districts or regulate school affairs. As to such incidents when necessarily involved in working out a main purpose which is itself the subject of valid legislation, the constitution has placed no yoke on the legislative power. As was said in Sugar Notch Borough, supra, "the restrictions of the constitution upon legislation apply to direct legislation, not to the incidental operation of statutes, constitutional in themselves, upon other subjects than those with which they directly deal." And this language is quoted with approval in Stull v. Reber, 215 Pa. 156, where the court, upholding the constitutionality of the Act of June 18, 1895, P. L. 203, requiring the exclusion from the public schools of children who have not been vaccinated, said, "but the act is, in no proper sense, a regulation of school districts."

But even if the act could be fairly regarded as legislation regulating the affairs of school districts, and even if, by its terms, it excludes from its operation school districts within boroughs, it does not follow that it is special legislation within the prohibition of the constitution. When the Supreme Court in Wheeler v. Phila., 77 Pa. 338, determined that the classification of cities was a valid exercise of the

legislative power, it did not declare that the power to classify was, by that single exercise of it, exhausted. As often as the like necessity recurs the power may be again exercised and the later children of the same mother will be as legitimate as her firstborn. And the subjects of such proper classification may be townships or school districts as well as cities. We again quote from the same case, already cited, which, in our judgment, practically rules this branch of the case at bar: "It is the settled law since Wheeler v. Phila., 77 Pa. 338, that classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all the members of the class is general and not special." The act of 1899 cannot therefore be successfully assailed as special legislation.

But it is further argued that the act is invalid because it undertakes to divert to other and different uses funds which have been raised by taxation or appropriation for school purposes only. State appropriations for the public schools, it is said, are made in pursuance of Art. X, sec. 1 of the constitution, which declares: "The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public schools . . . . and shall appropriate at least one million dollars each year for that purpose."

When a dangerous and contagious disease makes its appearance in a community one of the first results that follow is the closing of the public schools. If a portion of the school funds can be effectively expended in "preventing the introduction and spread" of such disease, we are unable to see how such expenditure can be regarded as an unlawful diversion of the money from the broad purpose declared in the article and section quoted. We therefore regard the act of 1899 as a valid exercise of the police power of the state, embodied in a general statute which violates no provision of the constitution.

Finally, it is objected that the act, if constitutional, does not warrant the expenditures here complained of. In Marlatt v. Aleppo Township School District, 34 Pa. Superior Ct. 323, practically the same objection was made and passed on

by this court. We there briefly expressed our views as to the character of the expenditures that could lawfully be made under the act. We have no desire to repeat or enlarge upon what was there said. Following that case we must hold that this position of the appellant is not tenable. The assignments of error are all overruled.

Judgment affirmed.

*Error assigned* among others was the action of the Superior Court in refusing to enter judgment for the plaintiff non obstante veredicto.

*A. B. Geary,* for appellant.—The purpose of the act is to confer additional powers upon school directors to regulate the affairs of school districts and the management of public schools in townships only. It therefore violates Art. III, sec. 7 of the constitution, prohibiting the passing of any local or special law: Van Loon v. Engle, 171 Pa. 157; Chalfant v. Edwards, 173 Pa. 246.

School districts are agencies of the commonwealth for a special and limited purpose, with no funds under their control but public moneys devoted to a specific charity, and not divertible, even directly, to any other use: Briegel v. Phila., 135 Pa. 451; School District of Erie v. Fuess, 98 Pa. 600.

*John E. McDonough,* for appellee.—There is no constructional objection to the classification of school districts: Borough of Sugar Notch, 192 Pa. 349; Com. v. Gilligan, 195 Pa. 504; Stull v. Reber, 215 Pa. 156.

The case of Marlatt v. Aleppo Township School District, 34 Pa. Superior Ct. 323, rules against the appellant.

PER CURIAM, March 7, 1910:

An appeal was allowed in this case because the constitutionality of an act of assembly was involved. The judgment is affirmed on the opinion of the Superior Court.