## Rubinsky v. City of Pottsville.

*Municipalities—Refunding money to owners of property—Improper payments —Constitutional law — Statutes—Amendments—Acts of July 5. 1917, and March 21, 1919.*

1. Where an ordinance of a city, passed in 1920, provides for the refunding of moneys which property owners had paid into the city treasury under wrongful assessments, and the ordinance in its preamble improperly recites the Act of July 5, 1917, P. L. 682, relating to such payments by cities alone, although such act had been superseded by the Act of March 21, 1919, P. L. 20, which covered cities, boroughs or incorporated towns, the recital of the Act of 1917 is harmless, and the city cannot set up as a defence to such payment the alleged unconstitutionality of the Act of 1917 as local legislation.

2. The Act of 1919 is not local legislation, is, therefore, constitutional, and is authority for the ordinance passed in 1920.

Case stated. C. P. Schuylkill Co., Jan. T., 1922, No. 192.

*E. P. Leuschner*, for plaintiff; *Morris Spicker*, for defendant.

KOCH, J., Jan. 2, 1922.—From the facts agreed upon it appears that, by virtue of an ordinance of said city approved June 2, 1914, that portion of West Market Street which lies between Fourth and Twelfth Streets in said city was improved and paved, and that on that account the sum of $442.98 was assessed against certain property of Harris Rubinsky, deceased, which property abuts on said West Market Street; that the said sum of money was paid into the treasury of said city on June 4, 1916; that among others whose property was in like manner assessed was one Howard N. Jones, who declined to pay the assessment; that he not only declined to pay the assessment, but resisted when legal proceedings were had to compel its payment. Those proceedings were entered to No. 392, May Term, 1915, and, upon trial had before a jury, a verdict was entered in his favor. Later, an appeal by the city was taken to the Superior Court of Pennsylvania, and the judgment upon the verdict in favor of Jones was affirmed. See Pottsville *v.* Jones, 63 Pa. Superior Ct. 180. According to that decision, abutting property owners were not liable for the improvement of the street, because the jury found that the street had been paved or macadamized prior to that time, and that abutting property owners are not liable for the cost of repaving said street. The assessment against the Rubinsky property having been voluntarily paid, the Rubinsky estate, by this suit, now seeks to compel the city to repay the said $442.98, and grounds its right of action upon two acts of assembly, approved respectively July 5, 1917, P. L. 682, and March 21, 1919, P. L. 20.

Rubinsky v. City of Pottsville.

Having voluntarily paid the said sum of $442.98 into the city treasury, the plaintiff is in no position to recover the money back, unless said acts of assembly enable him to do so: Peebles and wife v. City of Pittsburgh, 101 Pa. 304; De La Cuesta v. Insurance Co., 136 Pa. 62; Bryson v. Trustees, 168 Pa. 352; Davis v. Patterson, 12 Pa. Superior Ct. 479; United States v. Wilson, 168 U. S. 273; 42 Law Ed., 464.

The title of the Act of 1917 is as follows: "An act authorizing cities to refund moneys paid by property owners into their treasuries, when a court of competent jurisdiction shall have determined that there was no liability for such payment when made."

The Act of 1919, upon which the plaintiff relies, is amendatory of the one just quoted. It is so amended as to include boroughs and incorporated towns. Each of the Acts of 1917 and 1919 contains but one section. We will quote the section as it appears in the Act of 1919, italicizing the portions of the Act of 1919 which are added to the Act of 1917: "Section 1. Be it enacted, &c., That whenever any city, *borough or incorporated town* within this Commonwealth shall have, under existing laws, paved, curbed and guttered or otherwise improved its highways, or any of them, or has opened or graded, or acquired, or condemned property in or along its highways, or any of them, at the expense, in whole or in part, of the owners of property bounding and abutting thereon, and such owners, or any number of them, shall have paid the assessments levied against them by such city, *borough or incorporated town,* or by viewers, for such improvement, into the respective treasury, the said cities, *boroughs or incorporated towns* are hereby authorized and empowered to refund to the said owners, or to their heirs or assigns, the amount of the assessment thus paid by them, if it shall have been determined by any proceeding at law or in equity by a court of competent jurisdiction that the owners of property bounding or abutting on said highway or highways were not liable for the payment of such improvement at the time such improvement was ordered by the council of said cities, *boroughs or incorporated towns* to be made."

On Sept. 14, 1920, the City of Pottsville passed an ordinance, entitled "An ordinance authorizing and directing the City of Pottsville to refund moneys paid by property owners into the city treasury assessed against them by reason of the paving, curbing and improving of West Market Street from Fourth to Twelfth Street, and providing for the manner of repayment of the same." In a preamble of seventeen separate paragraphs the reasons for passing the ordinance clearly appear, and a reference is therein made to the Act of July 5, 1917, P. L. 682, but no reference is made to the Act of March 21, 1919, P. L. 20. The ordinance consists of three sections, as follows:

"Section 1. That the City of Pottsville is hereby authorized and directed to pay and refund to the several owners of property bounding and abutting on West Market Street, from Fourth Street to Twelfth Street, all such sum or sums of money that have been assessed against them and paid by them respectively into the city treasury by reason or on account of a certain paving, curbing and improving of West Market Street, from Fourth Street to Twelfth Street, in pursuance of an Ordinance of the City of Pottsville, approved June 2, 1914.

"Section 2. That an appropriation be made of moneys sufficient to pay and refund the respective property owners bounding and abutting on West Market Street, from Fourth Street to Twelfth Street, who have paid the assessments levied against them as aforesaid, at the begining of the next fiscal year.

"Section 3. That when said appropriation is made, and an item contained in the budget to cover the expenditures of the city for the year 1921 is set

1 D. & C.

aside for this particular purpose, the Superintendent of Accounts and Finance is hereby directed to cause to be issued a warrant or warrants in favor of the said respective property owners who have paid the assessments levied upon them as aforesaid, and the City Treasurer is directed to pay the same.

"All ordinances or parts of ordinances inconsistent herewith are hereby repealed."

In the fourth paragraph of the case stated "it is agreed that no appropriation has been made by the City of Pottsville in pursuance of the ordinance referred to, passed the 14th day of September, 1920, to pay and refund the moneys to the plaintiff and other property owners on West Market Street, assessed against their respective properties and paid by them into the city treasury."

Notwithstanding the passage of the Ordinance of 1920 by the City of Pottsville, it now resists this suit for the recovery of the money paid by the Rubinsky estate, upon the alleged ground that the Act of 1917 is unconstitutional, as offending against the 7th section of the 3rd article of the Constitution, which, *inter alia*, forbids the general assembly to pass "any local or special law . . . regulating the affairs of counties, cities, townships, wards, boroughs or school districts . . . or refunding moneys legally paid into the treasury."

The Act of June 25, 1885, P. L. 187, regulating the collection of taxes in the several boroughs and townships of this Commonwealth, is a general act, although it is limited in its application to only the political divisions mentioned in the act. Nor is that act unconstitutional because it fails to repeal all local laws on the same subject: Evans *v.* Phillipi, 117 Pa. 226. An act is not local, but general, when it is passed for the whole State: Com. *v.* Reynolds, 137 Pa. 389, 401. "It is the settled law since Wheeler *v.* Philadelphia, 77 Pa. 338, that classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all the members of the class is general and not special:" Sugar Notch Borough, 192 Pa. 349, 356. There is no constitutional objection against classification of municipal divisions. Nor is there objection against legislation for each class. "It would be a most unfortunate clog on the improvement of our school system if Philadelphia, Pittsburgh, Allegheny and other cities could not have their high schools, their manual training or industrial schools, or even their kindergartens, without imposing the expense of a similar establishment on every borough and sparsely populated township in the State:" Sugar Notch Borough, 192 Pa. 349, 357. "There is no constitutional requirement of uniformity as to matters included in section 7 of art. III. That section is a prohibition against local or special laws upon certain subjects. . . . The constitutional requirement, therefore, is that such laws shall be general, not local or special, and uniformity of result is only one of the judicial tests applied to laws for the determination of their character as to generality. A law may, by classification or otherwise, produce some diversity of result and yet be general, for where the classification is based on genuine distinction, its expediency is for legislative determination:" Stegmaier *v.* Jones, 203 Pa. 47, 50; Com. *v.* Middleton, 210 Pa. 582. Where an act affects the school directors of all the townships of the State, so far as it concerns the control of contagious and infectious diseases, it is not a local or a special law: School District *v.* Montgomery, 227 Pa. 370. Consequently, such an act as the one before us, which concerns all incorporated districts in the State, is a general and not a local or special act.

The defendant insists that the Act of 1917 is unconstitutional, and that the Act of 1919, which is amendatory of it, must also be unconstitutional, upon

Rubinsky v. City of Pottsville.

the theory that an unconstitutional act cannot be amended. But if the Act of 1917 was dead for want of constitutional support when enacted, it was made alive by its amendment and re-enactment in accordance with section 6 of art. III of the Constitution, which provides for the reviving and amending of an act by its re-enactment and publication at length.

It seems to the writer that if the legislature may legislate to compel abutting property owners on streets in incorporated towns to contribute for street improvements, it may also legislate for the refunding of moneys paid by mutual mistake for such improvements. Of course, it may not pass such a law for only the City of Pottsville; such a law should be of general application wherever the power to assess properties for municipal improvements exists by virtue of general law. It also seems to the writer that if the plaintiff paid to the defendant the money in question under the mistaken belief that he was legally bound to pay it, and that the city officers accepted the money under the mistaken belief that the city was legally entitled to receive the money, then there was a mutual mistake made, and in a proper action the plaintiff could recover without the requirement of an enabling act. See Reed v. Horn, 143 Pa. 323.

In this case it is agreed by the parties that if it be our opinion that the City of Pottsville, under and by virtue of the ordinance enacted on Sept. 14, 1920, and passed in pursuance of the Act of July 5, 1917, P. L. 682, is indebted to the plaintiff for the amount of money paid by him into the city treasury, then judgment is to be entered in the plaintiff's favor for the sum of $442.98; but if we be of opinion that the Act of 1917 is unconstitutional as local or special legislation, and the ordinance passed in pursuance of it illegal, then judgment is to be entered in favor of the defendant. This agreement overlooks the fact that the Act of 1917 was re-enacted and amended so as to include all incorporated municipalities in the State more than a year before the ordinance in question was passed. The Act of 1917 was, therefore, not in force when the Ordinance of 1920 was passed, and the Ordinance of 1920 could be passed only by virtue of the Act of 1919. However, from the preamble of the ordinance, the casual reader would conclude that the authority for the passage of the ordinance is the Act of 1917, because the preamble, inter alia, says: "And whereas, an act of the legislature, approved the 5th day of July, 1917, P. L. 682, authorizing and empowering cities to refund to owners of property, or their heirs and assigns, the amount of the assessment paid by them under such conditions." Reliance by the city upon the Act of 1917 for its authority in the premises was undoubtedly erroneous, because its authority at the time of the passage of the ordinance was not the Act of 1917; it was the Act of 1919. Nor was it necessary for the city, in the preamble of the ordinance, to make any reference whatever to the source of its authority for enacting the ordinance. The part of the preamble as above quoted is, therefore, a harmless error.

We think the Act of 1919 is a general law and that the Ordinance of September, 1920, is valid, and that the plaintiff is entitled to judgment in the case stated. The fact that the ordinance has been passed itself shows that the city is willing to return all money which it had no legal right to receive, but that a doubt of its right so to do makes it hesitate long enough to have its right tested and settled in this manner.

And now, Jan. 2, 1922, the prothonotary is directed to enter judgment in favor of the plaintiff for the sum of $442.98, and an exception is allowed the defendant and bill sealed.